HARRIS, Respondent, v. SCHOOL DISTRICT NO. 48 OF PENNINGTON COUNTY, Appellant.

(143 N. W. 898.)

1. **Schools—School Districts—Transportation of Pupils—Allowance in Lieu of Transportation—Attendance in Another District.**

Under Laws 1911, Ch. 141, providing, relative to transportation of school children, that when pupils reside more than 2 1-2 miles from the nearest school house in the district, and not to exceed 3 miles, the parent, etc., shall receive from the district 10 cents per day per pupil, if more than three miles, and not to exceed four miles, 25 cents per day, etc., provided that such financial provision shall be only for actual attendance, and conditioned that the district in no way furnish means of conveyance, and provided that when pupils reside nearer

some school in another school township or district, the school board, etc., can arrange for their schooling at such other school by paying tuition and the transportation therein provided for, and under Laws 1907, Ch. 135, Sec. 112, making it the duty of such boards at the annual meeting to make assignment and distribution of pupils among the schools in the district, **held**, that, presuming the board performed its duty by making such assignment and distribution, the liability of a district for money in lieu of transportation in cases of attendance in some other district is limited to cases provided for in the second proviso; and hence, where pupils attended school in another district further from their residence than the school in the district of their residence, without any arrangements having been made between the two school boards, the parent having presumably ignored such assignment, and having without notice to or consent of the board in his own district taken his children to the other district, the district of his residence is not liable for such allowance.

2. School Districts—Contract for Instruction Between Districts—Administrative Discretion—Review.

Under Laws 1911, Ch. 141, providing that when pupils reside nearer some school in another school township or district than the nearest one in the district of their residence, the school board can arrange for their schooling at such other school, by paying tuition and the allowances in lieu of transportation therein specified, **held**, the making of such arrangements are in the discretion of the boards, subject, however, to judicial review.

3. Statutes—Rule of Construction—As Law Is.

The courts must construe the law as they find it, regardless of whether or not its construction in another way would be, in a financial way, matter of indifference to the party sought to be held liable.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Jessie Harris against School District No. 48 of Pennington County, to recover money because of non-transportation of plaintiff's children to school. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, with directions to dismiss the action.

*Williams & Sweet,* for Appellant.

The statute confers no legal authority upon the district board of School District No. 48, to provide transportation for plaintiff's

children to a public school in an adjoining school district, there being a public school in District No. 48 nearer their home. Boyce v. Board of Education of Mt. Carmel Special School District, 81 N. E. Rep. 437; Sec. 108 of Art. 5, Chap. 135 of S. L. of South Dakota, for 1907, as amended by section 108 of Chapter 141, S. L. 1911.

The school board of District No. 48, had no legal authority to provide plaintiff with transportation for his children to a farther school in an adjoining district. Plaintiff made no demand upon the board to provide transportation to the nearest school in his home district. Had such demand been made the board would have been required to act. But upon a demand made at the end of the school year, for money in lieu of transportation, such as the plaintiff made in this case, the board was neither authorized or required to grant plaintiff's demand. The plaintiff therefore has no recourse to the courts to enforce his demand. The court will not attempt to control this discretion or judicially interfere with or question it. Dillon on Municipal Corporation, Vol. 1, Sec. 242.

The board made no agreement with plaintiff to furnish transportation, thus itself effectually precluding recovery in this action.

*T. H. Conniff,* for respondent.

It is admitted that there was no nearer school in another district, and therefore the proviso contained in section 108, as amended by Laws of 1911, in relation thereto, does not and cannot apply.

The fact that the board made no agreement to furnish transportation with plaintiff argues nothing but that they did not have authority to furnish transportation, with the single exception contained in the proviso to section 108 as amended in 1911.

The Legislature of 1911 cut out all questions of transportation or tuition, leaving that question to the parent or pupil, with the single exception of the second proviso; and they put no restriction on the pupil as to where he might attend, merely retaining the proviso of the old section 108 "that such financial provision shall be only for actual attendance at public schools."

It would seem that what was intended and accomplished by the enactment of the amended section 108 in 1911, was to make

it certain that, being a certain distance from his nearest school house in his own district, each pupil was entitled to a certain sum per day, and the only condition was that he attend public school, and the further proviso that where money could be saved by paying transportation and tuition as previously provided because of a nearer school house, then the board might if it saw fit, do that, otherwise the new law obtained, and the pupil could pay transportation or tuition out of the sum thus obtained.

GATES, J.   [1] This is an action to recover from a school district a sum of money because of the nontransportation of plaintiff's children to school by the district. It is based on chapter 141, Laws of 1911. The agreed statement of facts is as follows: "That the plaintiff, together with his wife, and three children of legal school age, reside on a homestead in School District No. 48, in Pennington County, S. D. That the defendant is a duly organized township school district corporation in Pennington county, S. D., organized under and by virtue of the laws of South Dakota, prior to the fall of 1911, and is operated under the township school system. That the plaintiff, with his wife and three children, at the beginning of the school year in the fall of 1911, resided a distance of more than three miles computed by section lines, and more than three miles and not exceeding four miles by the most direct route, from the nearest school in his said School District No. 48, which school was nearer than any school in any other school district. That about six weeks after the beginning of the school year in the fall of 1911, the plaintiff's said wife and three children, at the plaintiff's request and with his assistance, removed to School District No. 45, a duly organized and legally existing township school district corporation in Pennington county, S. D., adjoining said School District No. 48. That during the remainder of said school year of 1911-1912, the plaintiff's three children aforesaid lived with their mother, the plaintiff's said wife, who kept house for them, in said School District No. 45, and they attended public school continually at a schoolhouse in said School District No. 45, during the school year of 1911-1912. That plaintiff, during the greater portion of said school year, resided on his said homestead in School District No. 48, but for a small portion of said time occasionally stayed with his wife and said children at their place of habitation, which

he maintained for them in said School District No. 45, and kept a few head of cattle at said place in District No. 45 during said winter. That the school in said District No. 45, where the plaintiff's said children attended public school during the school year 1911-1912, computed by section lines, is a distance of 6½ miles from the plaintiff's said homestead in School District No. 48, a distance of 3½ miles further from plaintiff's homestead than his nearest school in District No. 48. That the plaintiff paid no tuition to said School District No. 45, and said School District No. 45 paid no transportation to the plaintiff for any of his children to its school during said school year of 1911 and 1912. That near the close of the school year of 1911 and 1912, and prior to the commencement of this action, the plaintiff by his attorney presented to the officers of School District No. 48, at a regular board meeting thereof, a claim for transportation, and a duly itemized account of the actual attendance of his three children at public school in School District No. 45 for the school year of 1911-1912, in the sum of $66.50, which claim was duly rejected by said board; no part thereof having been paid at the time of the commencement of this action. That at no time has the school township board of School District No. 48, nor any member thereof, agreed with the plaintiff to furnish transportation for his children to School District No. 45, or any proportionate distance thereof, during any of the time that they were in actual attendance at public school in said School District No. 45. That the ages of the plaintiff's children in the fall of 1911 were as follows: Monroe, 11; Cynthia, 8; and Samson, 6 years, respectively. That the section lines between plaintiff's homestead and said schoolhouse in District No. 48 were impassable and not traveled by reason thereof, and that the route usually traveled to reach said schoolhouse was up the Bad Land Wall by means of a winding ravine, a distance of nearly four miles, difficult to travel, and almost impassable when the ground was wet or drifted with snow, and for periods during the winter and spring entirely so. That during the school year of 1907-1908, the plaintiff's child Monroe Harris lived on plaintiff's said homestead and attended said school in School District No. 48 86 days out of a total of 120 school days, and during the school year of 1908-1909 to January 9, 1909, said Monroe Harris and sister Cynthia Harris attended said school

a portion of the time. That the said children of said plaintiff, to-wit, Monroe Harris, Cynthia and Samson Harris, were included in the school census of said School District No. 45, as given in the report of James M. Allburn, clerk of said school district on May 1, 1912, and thereafter duly filed in the office of the county superintendent of said Pennington county; and the plaintiff's said children were not included in the school census report of the clerk of School District No. 48 for the same year, to-wit, 1911-1912. That the said school nearest to plaintiff's home in School District No. 48, and the school attended by his children in School District No. 45, had equal educational facilities during the school year of 1911 and 1912."

The conclusions of law by the trial court were as follows:

"I. As conclusions of law the court finds that it is the duty of the defendant to furnish financial provision in lieu of transportation for the plaintiff's three children during their actual attendance at public school in Township School District No. 45, at the rate of 25 cents per day.

"II. That the plaintiff is entitled to have and recover of and from the defendant transportation for his three children in the sum of 25 cents per day for each, during their actual attendance at public school in Township School District No. 45, during the school year of 1911-1912, amounting to $66.50."

Judgment was thereupon rendered against the defendant for said amount, with costs. From the judgment and order denying a new trial defendant appeals.

The decision in this case depends entirely upon the construction to be placed upon said chapter 141 of the Laws of 1911, which law is as follows:

"When pupils reside more than two and one-half miles from the nearest schoolhouse in the school district and not to exceed three miles, then the parent, guardian or pupil shall receive from his school district ten cents per day for each pupil, if more than three miles and not to exceed four miles, twenty-five cents per day. If four miles and not to exceed five miles, thirty-five cents per day. If five miles and not to exceed six miles, forty-five cents per day. Provided, that such financial provision shall be only for actual attendance at public school and conditioned that the district in no way furnish means of conveyance. Provided, that when

pupils reside nearer some school in another school township or district then the school board or board of education can make arrangements for the schooling of such pupils at such other school by paying tuition and such transportation as previously provided for in this section. Provided, further, in determining the distance to be traveled to get to any school, the most direct route by section lines shall be the basis of the computation. This act to apply only to schools operating under the township school system.

"Sec. 2. All acts or parts of acts in conflict with this act are hereby repealed."

It is the contention of respondent that the duty to make the payment devolves upon District 48 whether the pupils attended school in District 48 or elsewhere. It is appellants' contention that the portion of the act down to the second proviso applies only to cases where the pupils attended school in the district sought to be held liable. In passing we may state that nowhere in the agreed statement of facts, nor in the findings, does it appear that District 48 did not furnish means of conveyance for the pupils to the school in District 48. But we will not rest our decision upon this point.

Section 112 of chapter 135 of the Laws of 1907 says: "It shall be the duty of the board at the annual July meeting, each year, to make the assignment and distribution of pupils to and among the schools in the district, and in such assignment and distribution the board shall take into consideration the wishes of the patrons and the best interests of the pupils and district." It will be presumed therefore, that at the July, 1911, meeting the board of District 48 made an assignment of the pupils of respondent to one of the schools in that district. Had respondent the right to ignore such assignment, and, without notice to or consent by that board, take his children to another district and still hold a valid claim against the former district for money in lieu of transportation? We think not. Schools must be run under some sort of system and under some responsible head. If respondent could do this, all of the residents of the district could do likewise, and chaos in school management would be the result.

[2] In the case covered by the second proviso of the act the pupils may be received in the nearer school in the adjoining district, but to render the district of their residence liable for such

payment, arrangements must be made between the two districts in relation thereto. The making of such arrangements are by the terms of said proviso in the discretion of the boards—subject of course to judicial review. If this had been the situation in the present case, it is clear that respondent would have had no legal claim against District 48 because no arrangements had been made. How much clearer it is therefore in a case not provided by statute at all, because in the present case the school was three miles further from respondent's residence than the school in District 48. By the terms of section 108 of chapter 135, Laws 1907, which the said act of 1911 amended, the board had the power, subject to the approval of the county superintendent, to make arrangements for the transportation and tuition of pupils in another district, where the nearest school of the district was an unreasonable distance from the residence, and this without regard to whether the new school was nearer to the residence. By making the more restrictive amendment of 1911, it would seem, therefore, that the Legislature intended to limit the liability of school districts for money in lieu of transportation to cases of school attendance in the district, except as modified by the second proviso of the act, and we so construe said act.

[3] It is claimed that because respondent resides and pays taxes in District 48 he should, in fairness, be entitled to his money, and that it makes no difference to the district that the children attend school elsewhere. That may be. But it is no part of our duty to determine what ought to be. We must construe the law as we find it.

Inasmuch as the district was not liable, the judgment and order denying a new trial were erroneously entered, and they are hereby reversed, with direction to dismiss the action.