JOHN McLAUGHLIN v. STATE OF NEBRASKA.

FILED APRIL 17, 1920.    No. 20920.

1. **Intoxicating Liquors:** UNLAWFUL TRANSPORTATION. To constitute an unlawful transportation of intoxicating liquors under chapter 187, Laws 1917, it is not necessary that the transportation be from a place outside the state to a place within the state. Any transportation of intoxicating liquors is unlawful unless brought within the exceptions of the statute.

2. ———: ———: COMPLAINT. A complaint charging the unlawful transportation of intoxicating liquors is not defective because it fails to specify the quantity of liquor transported.

3. ———: RIGHT TO KEEP. The right to keep a reasonable quantity of intoxicating liquors in one's private dwelling-house for personal use, provided for in section 11, ch. 187, Laws 1917, does not imply any lawful means for obtaining possession of liquor after such act went into effect.

ERROR to the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*S. P. Davidson,* for plaintiff in error.

*Clarence A. Davis,* Attorney General, *George W. Ayres, J. B. Barnes, F. A. Safranek* and *Lewis C. Westwood,* contra.

MORRISSEY, C. J.

Defendant prosecutes error from a conviction had under chapter 187, Laws 1917, for transporting intoxicating liquors. The complaint charged that defendant "did bring and transport intoxicating liquors into the state of Nebraska and into Johnson county, city of Tecumseh

of said state of Nebraska, contrary to and in violation
of the prohibitory law of the state of Nebraska, prohibit-
ing the manufacture, keep, sale and transportation of
liquor in the state of Nebraska." Defendant demurred
to the complaint, alleging that it did not state facts suf-
ficient to constitute a crime or to give the court jurisdic-
diction. The demurrer was overruled.

A jury was waived, and trial proceeded on the follow-
ing stipulation of facts:

"It is hereby stipulated and agreed by and between
the parties hereto, and in open court, that on the 26th
day of March, 1918, defendant was a *bona fide* resident
of Johnson county, Nebraska, and had been such resi-
dent for more than twenty years last past; that on said
day said defendant returned to said county, and to the
city of Tecumseh therein, from St. Joseph, Missouri,
and brought with him some intoxicating liquors, to wit,
whisky, which he carried on his person, or in a hand bag
or satchel in his hands; that said intoxicating liquors
were seized by the complaining witness, with defend-
ant's consent, and taken from defendant's hand, after
he had arrived at the city of Tecumseh, aforesaid; but
said liquor was so carried and brought by said defend-
ant from St. Joseph, Missouri, to Tecumseh, Nebraska,
for his own use, and for his medicinal use, and not to
sell or give away or otherwise dispose of to any other
person whatever. Said defendant had been accustomed
for many years last past to use intoxicating liquors, as
he claims, for the benefit of his health, and he brought
the said liquor in controversy into said city of Tecumseh
on his way to his home in said county, for that purpose
and no other; said city of Tecumseh being on his way
to his home."

Defendant was found guilty, and the court imposed
the minimum fine of $100 and costs.

It is claimed that the demurrer ought to have been
sustained because the complaint charged merely that de-
fendant "did bring and transport intoxicating liquors

into the state of Nebraska and into Johnson county, city of Tecumseh of said state of Nebraska," without alleging that the liquors were brought or transported from any place outside of Nebraska, and without alleging the quantity of liquor transported, or that it was transported for an illegal purpose, and not for medicinal, mechanical, scientific, or sacramental purposes. In support of this contention, counsel for defendant cites sections 2 and 3 of the chapter under which the prosecution was brought. By section 2 the transportation of intoxicating liquors is expressly prohibited, and there is no requirement that the transportation of the inhibited article shall be from a place without the state to a place within the state. Giving the word "transport" its usual and ordinary meaning, as its place in the context seems to require, it means to carry or convey from one place or station to another, and in this respect the complaint is sufficiently definite.

The statute makes certain exceptions in the case of liquors used for medicinal, mechanical, scientific, and sacramental purposes; but it also provides that these exceptions are for the benefit only of "persons specially authorized in the manner and to the extent only as hereinafter provided." Certain definite and specific exceptions are provided, not only in section 2, but in other sections of the chapter, which, when complied with, suspend the operation of the prohibitions contained in section 2. It is true that the complaint does not negative these exceptions; but this court has already held that in prosecutions under this statute it is not necessary to do so—defendant must avail himself thereof as a matter of defense. *Fitch v. State*, 102 Neb. 361.

Nor is the complaint defective because of its failure to allege the quantity of liquor. Laws 1917, ch. 187, sec. 44. It follows that the demurrer was properly overruled.

It is argued that under section 11 of the act under consideration a person may lawfully keep liquors in his

private dwelling-house in such quantity as is reasonably sufficient for his personal use, and it is claimed that the right to keep such liquors necessarily implies some adequate method of obtaining them. This argument carried to its logical conclusion would destroy the whole purpose of the legislation. If, because the statute permits the possession of a reasonable quantity of intoxicants in the home, we must hold that this gives a right to convey liquors to the home, we might then be called upon to go a step farther and hold that the manufacture of intoxicating liquor was permissible, because without a supply there could be no transportation. This we cannot do.

The record is free from error, and the judgment is

AFFIRMED.

LETTON and DAY, JJ., not sitting.