GROTON INDEPENDENT CONSOLIDATED DISTRICT NO. 1, Brown County, Appellant, v. TROTT, County Superintendent of Schools, (SEVERSON et al, Interveners and Respondents).

(196 N. W. 967.)

(File No. 5347. Opinion filed January 28, 1924.)

**Schools and School Districts—Elections—Erection of Building Deprived Electors of Former Common School Districts of Right to Vote on Abandonment.**

Where subsequent to the consolidation of school districts a building was erected by the consolidated district, under Laws 1921, c. 202, Sec. 1, the electors of the former common school districts were deprived of the right to vote on questions of abandonment of the consolidated district.

Appeal from Circuit Court, Brown County; HON. B. A. WALTON, Judge.

Action by the Groton Independent Consolidated District No. 1, Brown County, against Lucille J. Trott, as County Superintendent of Schools, Brown County, in which Henry Severson and others intervened. From an order overruling plaintiff's demurrers to complaints in intervention, plaintiff appeals. Reversed.

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*E. L. Grantham* and *McNulty & Campbell,* all of Aberdeen, for Respondents.

GATES, J. Since 1919 the plaintiff has been an independent consolidated school district, consisting of three former districts, viz: Groton Independent School District No. 33, Groton School District No. 17-1, and Groton School District No. 17-2. The latter two had been common school districts. Petitions were filed pursuant to the provisions of section 5, c. 202, Laws 1921, for an election to vote upon the question of the abandonment of the consolidated district. Such election was had in the two former common school districts and more than 75 per cent of the electors

of each, voted for abandonment. Plaintiff brought this action in June, 1922, against the county superintendent of schools to prevent her from certifying the result of the election. She did not appear in the action, but certain electors, taxpayers, and patrons of the two former common school districts intervened. This appeal is by the plaintiff from an order overruling its demurrers to the complaints in intervention.

Section 1 of said chapter 202, Laws 1921, reads as follows:

"That in all school districts in which an election has been held for the purpose of forming a 'consolidated school district' and in which no building or buildings have been erected or purchased and in which no bonds have been issued since the consolidation of said district, an election may be called and held, as hereinafter provided, after the expiration of one year from the consolidation of such district or districts, for the purpose of determining whether the consolidation of such district or districts shall be abandoned, and said district or districts reorganized as common school districts."

It appears from the pleadings that subsequent to the consolidation a building was erected by such consolidated district at a cost of more than $10,000. This fact clearly deprived the electors of the former common school districts of the right to vote upon the question of abandonment, and the county superintendent of schools exceeded her jurisdiction when she called the election. It may be that all of the evils which have arisen in this consolidated district as alleged in the complaints in intervention are true, and for the purpose of this appeal we must assume that they are true, yet the remedy is not with the courts but with the Legislature. We must construe the law as we find it. Harris v. School District, 32 S. D. 544, 143 N. W. 898, Ann. Cas. 1916A, 267.

By a reference to chapter 168, Laws 1923, it will be seen that now a vote may be had upon the question of abandonment, unless the building erected is of a permanent character, etc.; but this act was passed after the so-called election was held, and, of course, is not applicable thereto.

The order appealed from is reversed.

Note.—Reported in 196 N. W. 967. See, Headnote, American Key-Numbered Digest, Schools and school districts, Key-No. 44, 35 Cyc. 858.