GOETSCH, et al, Respondents, v. HOME OWNERS' LOAN CORP., Appellant

(291 N. W. 575.)

(File No. 8300. Opinion filed April 10, 1940.)

**Walter Conway,** of Sioux Falls (**Ray E. Dougherty,** of Omaha, Neb., of counsel), for Appellant.

**Fred D. Shandorf,** of Mitchell, for Respondents.

PER CURIAM. ■ This case involves an extension of the period of redemption from a mortgage foreclosure sale as ordered by the circuit court of Davison County under the provisions of Chapter 145, Laws of 1939. The facts disclose the following: The Home Owners' Loan Corporation loaned to the respondents on June 13, 1934, $871.17, which amount was secured on the residence of respondents. Of this amount $600 went to pay a prior mortgage, and the balance to pay delinquent interest upon this mortgage debt and delinquent taxes. The payment provided under the terms of the Home Owners' Loan mortgage amounted to $5 per month. Re-

spondents made but one of these monthly payments and, since the execution of this mortgage, have paid no taxes assessed against the property. The mortgage was foreclosed and the foreclosure sale held on the 21st day of June, 1937. Thereafter the redemption period was extended until March 1, 1939, upon condition that respondents pay the mortgagee $8 a month as rental for the said premises. This present application was made on February 21, 1939, at which time respondents were in arrears on the payments required by the prior order at least to the extent of four of the monthly payments. The only evidence in the record relating to the value of the premises indicates a present value of $950. At the time of the hearing on this application, there was due the mortgagee under the terms of the mortgage the sum of $1,286.34. The record discloses that the basement of the house is in need of repair. As testified to by the respondent, Grace Goetsch: "A portion of the basement wall has fallen down in the basement." Other repairs necessary are "painting, roof repair, and glass repair." To place the house in a salable condition would require an expenditure of approximately $500. Respondents' family consists of the husband and wife and seven children. The husband earns from twelve to fifteen dollars a week and has no other income or property of any kind.

The above facts, we think, speak for themselves. Under the rule announced by this court in the case of Equitable Life Assurance Society v. Pendar, 65 S. D. 376, 274 N. W. 553, we are of the opinion that the trial court abused its discretion in extending the period of redemption by the order now before us.

■ Adhering to the well settled rule that a court will not pass upon the constitutionality of a legislative act if the merits of the case may be otherwise decided (11 Am. Jur., Constitutional Law, § 94), we refrain from discussing the constitutional objections to the legislation which are urged by appellant.

The order appealed from is reversed. No costs to be taxed.

All the Judges concur.