OLSON, Respondent v. PULASKI COMMON SCHOOL DISTRICT, Appellant

(92 N.W.2d 678)

(File No. 9693. Opinion filed November 6, 1958)

**L. A. Melby,** Faulkton, **Royhl, Benson & Beach,** Huron, for Defendant-Appellant.

**R. G. Gross,** Ipswich, for Plaintiff-Respondent.

HANSON, J. On March 25, 1957 petitioner, Edward G. Olson, filed an application for a writ of mandamus in the Circuit Court of Faulk County seeking: (1), to compel the Pulaski Common School District of Faulk County to pay the Faulkton Independent School District the sum of $417.82 as tuition charges for his two children, Marlene and Marvin Olson, for the school year 1955-56; and (2), to compel the Pulaski Common School District to assign his two children to the Faulkton Independent School for the year 1956-57. The court issued its alternative writ of mandamus and after a hearing thereon denied petitioner's request to compel payment of the 1955-56 tuition. No appeal is taken from this portion of the judgment. The court, however, issued a peremptory writ of mandamus directing the defendant Common School District to assign the Olson children to the Faulkton Independent School for the school year 1956-57. The School District appeals.

The Pulaski Common School District maintained the Reed School for the use of its patrons. Prior to 1955 several of the elementary students residing in the district attended the Faulkton Independent School. At the annual meeting held on June 21, 1955 a majority of the Common School District electors voted to instruct the school board that all elementary students should attend the Reed School and no tuition or transportation should be paid outside the district. See SDC 15.2310 as amended by Ch. 59, Laws 1953. The school board acted in accord with the instruction of the electors. No appeal was taken from the decision of the board. Thereafter, all of the elementary students attended the Reed School for the year 1955-56 with the

exception of the two Olson children. They attended the Faulkton Independent School. .

On June 19, 1956 at the annual meeting of the Pulaski School District a majority of the electors again voted in favor of having all elementary students attend the Reed School for the year 1956-57 and that no tuition or transportation should be paid for attendance outside the district. The school board again followed the instructions of the electors and no appeal was taken from its decision. As before, all of the elementary students within the district attended the Reed School during the school year of 1956-57 except the Olson children. On November 27, 1956 the defendant school board refused to pay tuition and transportation for the Olson children's attendance at the Faulkton Independent School. No appeal was taken from this decision.

Measured along section lines the Reed School is situated three miles directly east of the Olson farm home. The east mile of the route is graded and graveled. The west two miles are referred to as prairie roads. Petitioner alleged in his application for a writ of mandamus that this road was "nothing more than a prairie trail, and is not available for public travel during most of the winter months because of snow, nor is it usable in the spring or fall months, at which time much of the area is covered by slough and potholes of water and the ground is soft and untravelable." The evidence is conflicting as to the actual condition of the road.

The Olsons could also travel to the Reed School by going two miles south on a graded dirt road, east three miles and then north two miles, a distance of seven miles. They could also go two miles north, three miles east and two miles south, a total distance of seven miles. The north route is all graded and graveled. In taking their children to the Faulkton School the Olsons were required to travel either the north or south route. The distance to the Faulkton school by the south route was nine miles. It was fourteen miles by the north route which also took them directly past the Reed School.

Petitioner claims he comes within the following statut-

ory provision: "If the student lives over five miles from the nearest operating public school in his own district and bus service is not furnished the student, the school board shall assign the student to any public elementary school in this state or any other state the parent or guardian requests." Part of Section 1, Ch. 13, Ch. 41, Laws 1955. It is undisputed that bus service is not furnished. Petitioner admits he lives approximately three miles from the Reed School measured along direct section lines. However, he contends the above statute means the distance from the nearest operating school to the student's home should be measured by the distance necessary to travel over a road open to the public and along public highways reasonably available as such. Via such highways petitioner contends the distance from his home to the Reed School is seven miles and his children are therefore entitled to assignment outside the Pulaski School District.

■ The meaning of the statute is not clearly indicated. It was amended by Section 1, Ch. 73, Laws 1957 to read in part: "If the student lives over [the] five miles from the nearest operating public school in his own district **by way of the nearest publicly** used road." We may look to a subsequent clarifying amendment to determine the meaning of the original law. As stated in Sutherland Statutory Construction, Vol. 1, 3rd Ed., § 1930, "the time and circumstances surrounding the enactment of an amendment may indicate that the change wrought by the amendment was formal only—that the legislature intended merely to interpret the original act. If such is the case, the matter in the amendatory act may be looked to in order to determine what rights existed under the original act". In our opinion the 1957 amendment falls within this rule. It was obviously enacted for the purpose of clarification only. The amendatory language "by way of the nearest publicly used road" harmonizes with the related Section 10, Ch. 13, of Ch. 41, Laws of 1955 pertaining to payment of transportation. Accordingly, we believe the legislative intent of Section 1, Ch. 13, Ch. 41, Laws of 1955, was to measure the distance between the student's home and the nearest operating school "by way of the nearest publicly used road".

■ Nevertheless, the school board remains charged with the power and duty of assigning all elementary students resident within the district. In performing this duty the board is required to take into consideration its duty to "provide equal educational facilities, the wishes of the patrons, and the best interests of the students in the district." Section 1, Ch. 13, Ch. 41, Laws 1955. We cannot believe the legislature intended to empower the individual parent to be sole judge of whether or not the student lives "more than five miles from the nearest operating school by way of the nearest publicly used road". In the ordinary management and control of school affairs that decision must remain with the school board. Otherwise, as this court pointed out in the case of Harris v. School District, 32 S.D. 544, 143 N.W. 898, 900: "Had respondent the right to ignore such assignment, and, without notice to or consent by that board, take his children to another district and still hold a valid claim against the former district for money in lieu of transportation? We think not. Schools must be run under some sort of system and under some responsible head. If respondent could do this, all of the residents of the district could do likewise, and chaos in school management would be the result."

■ In this case the school board acted. It performed its duty of assigning all of the elementary students resident within the district. If the board erred in assigning the Olson children to the Reed School, or in refusing to pay tuition and transportation therefor, petitioner had a statutory right of appeal to the circuit court. On appeal the trial is de novo and all factual questions may be reviewed and considered. After hearing, the court may "enter such final judgment or order as the circumstances and every right of the case may require and such judgment or order may be enforced by writ of execution, mandamus, or prohibition, or by attachment as for contempt." Section 44, Ch. 9, Ch. 41, Laws 1955.

Plaintiff failed to appeal from any decision of the school board. The time for appeal has expired and mandamus cannot be used as a substitute. Mandamus is a remedy for inaction "to compel the performance of an act". SDC 37.4501.

It may be used only "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." SDC 37.4502. As stated in 34 Am.Jur., Mandamus, § 42, page 835, "Invented, as it was, for the purpose of supplying defects in justice, mandamus does not supersede legal remedies. * * * it is fundamental that in the absence of statutory provision to the contrary, mandamus may not be granted if the petitioner therefore has a legal remedy equally convenient, beneficial, and effectual, of which he has failed to avail himself or which he is pursuing. In order to bar the issuing of the writ, it is not necessary that the other remedy be available at the time of applying for the mandamus; if the petitioner had a clear legal remedy, adequate to enforce his rights, of which he failed to avail himself and which he lost through his own neglect, the writ will not lie."

Reversed.

ROBERTS, SMITH and BOGUE, JJ., concur.

RENTTO, P.J. (concurring specially).

I concur in the reversal of this case and in the reason assigned therefor, but am not persuaded that the legislature intended by Sec. 1, Ch. 13, Ch. 41 Laws of 1955, that the distance between the student's home and the nearest operating school was to be measured "by way of the nearest publicly used road". This interpretation is based on the 1957 amendment which did not become effective until several weeks after this lawsuit was decided by the trial court. The official edition of the laws of that session was not generally available until some time after the trial court had entered its judgment.

The trial judge was of the view that the legislature intended the distance involved to be measured by way of the nearest publicly used and passable road. I agree. This applies the language used by the legislature in a related section of the 1955 Act. Sec. 10, Ch. 13, Ch. 41, Laws of 1955. To me this seems more indicative of legislative intent than language used in an amendment adopted two years later.

Further, I doubt that there is any real difference between these two views, but if there is, it seems to me that a choice between them is unnecessary in this proceeding. Under either interpretation the school board had to make the initial factual determination. From that the aggrieved party is given the right of appeal. Sec. 44, Ch. 9, Ch. 41, Laws of 1955. This right of appeal, even though not exclusive, is such a plain, speedy and adequate remedy as to prevent the invocation of jurisdiction by mandamus. The school board's motion to dismiss on this ground should have been granted.