STATE OF NEBRASKA, APPELLEE, V. ONE 1970 2-DOOR SEDAN
RAMBLER (GREMLIN), APPELLANT.

215 N. W. 2d 849

Filed March 14, 1974. No. 39119.

Stanley D. Cohen, for appellant.

Ronald D. Sutter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This action involves a forfeiture of the automobile described in the title for transportation of a controlled substance. The action was brought pursuant to section 28-4,135, R. S. Supp., 1972. Donald D. Ruyle, the owner of the car, appeals from the judgment of forfeiture. He contends: (1) The statute is in violation of the due process clauses of the Nebraska and the United States Constitutions; and (2) the court erred in holding that the car was being used to transport a controlled substance within the meaning of the statute. We affirm.

On February 14, 1972, members of the Beatrice police

department, who had the residence of Roger Allen Buss under surveillance, observed the automobile in question being driven up and parked on the public street in front of that house. They also observed Donald D. Ruyle alight from the vehicle and enter the residence under surveillance. Approximately an hour later he was arrested for possession of marijuana and taken into custody. The car remained locked and parked on the public street until approximately 10:50 a.m. the next day, February 15, when it was searched and seized. The search was made pursuant to Ruyle's written consent, and with keys supplied by him. Ruyle was in custody at the time of the search. On February 15, Ruyle pleaded guilty to possession of marijuana, was fined $350, and sentenced to 7 days in jail.

The search of the vehicle revealed manicured marijuana, unmanicured marijuana, and two marijuana cigarette butts. The testimony of Ruyle indicated he was the owner of the vehicle and had been driving it prior to entering the Buss residence shortly before his arrest. The condemnation complaint was filed February 18, 1972, the third day after the seizure of the vehicle.

Section 28-4,135, R. S. Supp., 1972, so far as material herein, provides: "(4) When any conveyance, * * * is seized under subdivision (1) (d) of this section, the person seizing the same shall within five days thereafter cause to be filed in the district court of the county in which seizure was made a complaint for condemnation of the conveyance seized. The proceedings shall be brought in the name of the state by the county attorney of the county in which the conveyance was seized. The complaint shall describe the conveyance, state the name of the owner if known, allege the essential elements of the violation which is claimed to exist, and shall conclude with a prayer of due process to enforce the forfeiture. Upon the filing of such a complaint, the court

shall promptly cause process to issue to the sheriff, commanding him to take possession of the conveyance described in the complaint and to hold the same for further order of the court. The sheriff shall at the time of taking possession serve a copy of the process upon the owner of the conveyance in person or by registered or certified mail at his last-known address; * * *."

Ruyle challenges the constitutionality of this statute on the ground that it authorizes seizure of property prior to any notice being given to the owner, and before a hearing is afforded on the legality of the seizure. He contends this lack of notice and hearing is contrary to the concept of procedural due process recently enunciated by the United States Supreme Court. He refers to Fuentes v. Shevin (1972), 407 U. S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556, and Sniadach v. Family Finance Corp. (1969), 395 U. S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349. Those cases are not controlling herein. Shevin involved a prejudgment replevin statute and Sniadach a summary prejudgment garnishment process.

Due process tolerates variances in the form of a hearing appropriate to the nature of the case, depending upon the importance of the interests involved and the nature of any subsequent proceedings. The present situation is one where a valid governmental interest justifies the seizure upon the discovery of contraband. The statute does not deprive the owner of his property without due notice and hearing. The Supreme Court in Fuentes observed: "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." The notice and hearing required by section 28-4,135, R. S. Supp., 1972, adequately meets this test.

The vehicle was seized legally. It was being used to transport contraband. The police removed the illegal substances. They seized the car to impound it and to

keep it until forfeiture proceedings were initiated, as they were required to do. Within the time limited, this action was brought for its condemnation. Notice was promptly served on Ruyle, who appeared by counsel at all stages of the proceeding.

The use of a vehicle in criminal activities ordinarily creates an emergent situation. Unless a vehicle used to transport illegal substances is seized when such substances are discovered, it can be readily removed from the jurisdiction of the court, or utilized for further criminal activities of a similar nature. The inherent nature of these considerations requires summary seizure of the vehicle to protect the rights of the state. The same reasoning that allows warrantless searches of automobiles applies to the seizure of them. The absolute requirement of section 28-4,135, R. S. Supp., 1972, that a forfeiture complaint be filed within 5 days after seizure with provision for notice and hearing, meets the test of due process.

The word "transport" is not defined in the act. Ruyle contends it should be defined to mean trafficking in drugs. He argues it was the intent of the Legislature to penalize the drug pusher, those engaged in the sale and distribution of narcotics, and not to work a forfeiture as in the case at bar. Courts should give statutory language its plain and ordinary meaning. Foote v. County of Adams (1956), 163 Neb. 406, 80 N. W. 2d 179. To the average individual, "transport" means to carry or convey from one place or station to another. We have so defined it. McLaughlin v. State (1920), 104 Neb. 392, 177 N. W. 744.

The judgment is affirmed.

AFFIRMED.

SMITH, J., not participating.

McCOWN, J., dissenting.

The majority opinion summarily dismisses the contention of a lack of due process; states that Fuentes v.

Shevin, 407 U. S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556, is not controlling; and points to the mobility of an automobile as apparently justifying the extraordinary confiscation here. Here the unattended vehicle had been parked on the street for a period of many hours. It was locked and the keys were in the possession of police officers. The car was searched with the consent of the owner and was seized upon the discovery of approximately two ounces of marijuana. The owner denied knowledge of its presence. The record does not disclose any prosecution of anyone for an offense involving that marijuana except for this forfeiture proceeding.

In a very recent case involving almost identical statutes and also involving the seizure and forfeiture of an automobile in a drug case, the Supreme Court of Washington reached a directly opposite conclusion. See City of Everett v. Slade, 83 Wash. 2d 80, 515 P. 2d 1295 (Nov., 1973). The Washington statutes and the Nebraska statutes obviously stem from the same uniform source.

In the Washington case the State contended, as it did here, that the right to due process was not violated by the summary seizure because judicial review was provided for and the deprivation was only temporary because of the requirement of the prompt forfeiture action to follow. The Washington court disposed of those contentions by saying: "The contentions are not well taken. As the United States Supreme Court stated in Fuentes v. Shevin, supra, 'If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. * * * (I)t is now well settled that a temporary, nonfinal deprivation of property is nonetheless a "deprivation" in the terms of the Fourteenth Amendment.' "

The Washington court held: "Due process requires that an individual be given an opportunity for hearing

before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake and justifies postponing the hearing until after the event; the opportunity for a hearing must be granted at a meaningful time and in a meaningful manner, and the hearing must be appropriate to the nature of the case."

It should be pointed out here also that although section 28-4,135, R. S. Supp., 1972, authorizes seizure of "all conveyances * * * which are used, or intended for use, to transport any property described in subdivisions (a) and (b) of this subsection," it also contains a provision that such conveyances are to be released upon a showing by the owner that he had no knowledge that such conveyance was being used in violation of the act. Nevertheless, section 28-4,136, R. S. Supp., 1972, provides that it shall not be necessary for the State to negate any exemption or exception under the provisions of the act and provides that "the burden of proof of any such exemption or exception shall be upon the person claiming its benefit." Such provisions in the case of the seizure and forfeiture of a vehicle place the burden of proof upon the owner to establish that the vehicle is not subject to forfeiture and relieves the State from proving that it is subject to forfeiture.

The majority opinion here would authorize the seizure without notice and hearing and the later forfeiture of any parked, unattended vehicle in which two ounces of marijuana was found, unless the owner of the "conveyance" could affirmatively establish to the satisfaction of a court at a later hearing that he had no knowledge that the substance was in the vehicle. That interpretation of the Nebraska statutes means that the mere presence of a small quantity of marijuana in an airplane, house trailer, automobile, camper, houseboat, or any other "conveyance" establishes the fact that the conveyance was used "to transport" a controlled sub-

stance, and authorizes the immediate seizure of the conveyance without notice or hearing, and its later forfeiture if a court does not believe the owner's testimony that he had no knowledge of the presence of contraband. The Washington statute by contrast requires that the "transportation" be "for the purpose of sale or receipt" of the contraband. It should be noted also that under Nebraska statutes the transportation of controlled substances in itself is not a crime. But it nevertheless becomes the foundation for the statutory forfeiture involved here.

Until the ultimate decision on forfeiture, the owner is deprived of his conveyance regardless of what the evidence may disclose at the hearing. Although "extraordinary situations" may justify the postponement of notice and hearing in respect to depriving an individual of a significant property interest, such situations must be totally unusual. There ought to be some showing that the seizure without notice and hearing was directly necessary to secure an important government or general public interest and that there was a need for very prompt action. See City of Everett v. Slade, supra. Those facts did not exist here. The judgment should be reversed.

CLINTON, J., dissenting.

I have grave doubt that the Legislature intended to adopt a definition of the term "to transport" which is so broad and all-inclusive as to justify a finding under the evidence here that the subject automobile was being used "to transport" the controlled substance. The statute in question was adopted from 21 U. S. C. A.; section 881, subdivision (a) (4). This section of the federal statute describes one class of property subject to seizure and forfeiture and reads as follows: "(4) All conveyances, including aircraft, vehicles, or vessels; which are used, or are intended for use, to transport; or in any manner to facilitate the transportation, sale;

receipt, possession, or concealment of property described in paragraph (1) or (2), except that-- . . ." There is a significant difference between the quoted section and that same section as it was incorporated in the Nebraska statute. The following words are omitted from the Nebraska version: "or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of." The omission of the quoted words in section 28-4, 135, R. S. Supp., 1972, can only mean that the Legislature did not intend to equate possession in an automobile with the phrase used "to transport." It would appear that the legislative intent was to permit the forfeiture of motor vehicles, airplanes, etc., when they are an instrumentality of the crime. If, for example, the Legislature intended to include only those cases where the purpose of the substance being in the car was to move the substance from one point to another then a limited definition of transport is required. A homely illustration might make the point: If one takes several bags of groceries from the supermarket to one's home it can be readily stated that he is using the automobile "to transport" the groceries. On the other hand, if one keeps a box of kleenex in the glove compartment for use when needed, can it really be argued that the automobile is being used "to transport" the kleenex.

In short, I would accept the defendant's argument that the forfeiture provisions of the statute were aimed at trafficking in controlled substances. In this case the quantity of marijuana found in the car was very small. Certain other evidence, residue of smoked marijuana, and the packaging method indicate the substance was in the car for use. There was no evidence that the owner was dealing in drugs.

In this case the amount of marijuana was an ounce or two. Under the statute the penalty for possession of quantities less than a pound is a $500 fine and/or a

7-day sentence in the county jail. § 28-4,125(4), R. S. Supp., 1972. The owner paid a $350 fine and served the maximum sentence in jail on a charge of possession. The practical effect of this proceeding is the forfeiture by the defendant of a car worth several thousand dollars and that is an additional penalty which I do not believe the Legislature contemplated in this situation. See McConnell v. McKillip, 71 Neb. 712, 99 N. W. 505.