STATE, Appellant v. ONE 1972 PONTIAC GRAND PRIX, TWO-DOOR HARDTOP, VIN 2K57T2A161214, Respondent

(242 N.W.2d 660)

(File No. 11720. Opinion filed May 21, 1976)

456

Doyle D. Estes, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Dan C. Hanson, of Mueller, Bennett & Hanson, Belle

Fourche, for defendant and respondent.

DUNN, Chief Justice.

This is a vehicle forfeiture proceeding under the State Drugs and Substances Control Act against one 1972 Pontiac Grand Prix, Two-Door Hardtop, VIN 2K57T2A161214 automobile. Plaintiff State of South Dakota appeals from a judgment and an order of the Circuit Court of the Eighth Judicial Circuit which granted summary judgment in favor of the owners of defendant automobile. We affirm.

Police officers observed the defendant automobile squealing its tires and hitting a curb near a school in Belle Fourche on the evening of April 26, 1975. The officers stopped the automobile which contained four persons. They asked the driver Neil Newlander for his driver's license and vehicle registration certificate. The officers smelled what they believed to be marijuana smoke in the car and observed open containers of beer inside. Newlander was arrested for exhibition driving and for having open containers in the vehicle. When one officer conducted a pat-down search of Tom Reade, an occupant, he found a pipe which contained marijuana residue. Another officer found a warm pipe which also contained marijuana residue. The officers searched the car's console and found a substance which was later determined to be 0.4 of an ounce of marijuana seeds. A hypodermic needle was discovered in the shirt pocket of Steve Satzinger, another passenger in the car. The men were arrested for possession of less than one ounce of marijuana and Neil Newlander has since pleaded guilty to that charge, which is a misdemeanor in South Dakota. See SDCL 39-17-96.

The registered owners of defendant vehicle are Neil Newlander and his mother Shirley Newlander Rieb. The First National Bank of the Black Hills loaned purchase money and has a perfected security interest in the vehicle. At the time of seizure, $3,288.89 was owed to the bank on the automobile.

A summons and complaint dated May 9, 1975, seeking forfeiture of the vehicle was served by the State on the

registered owners. The owners filed an answer and moved for summary judgment. Plaintiff then also moved for summary judgment. Affidavits supporting summary judgment were filed by both sides. On July 15, 1975, the court issued a memorandum opinion granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. The judgment and order was signed by the court on July 25, 1975. Thereafter findings of fact and conclusions of law were signed and filed by the court.

Both plaintiff and defendant raise constitutional questions regarding the provisions in SDCL 39-17-129 through 39-17-137. Defendant argues that the forfeiture provisions violate the due process and equal protection clauses of the United States Constitution, as well as those of the South Dakota Constitution. We deem it unnecessary to reach the constitutional questions on this appeal.

It is the prerogative of the people of the State of South Dakota, through their legislature, to determine the necessity for a vehicle forfeiture law and the type of violations that would require forfeiture. The Attorney General is vested with the power to enforce the law, but the standards for enforcement must come from the legislature. Schryver v. Schirmer, 1969, 84 S.D. 352, 171 N.W.2d 634.

SDCL 39-17-129 provides:

"The following shall be subject to forfeiture and no property right shall exist in them:

\*      \*      \*      \*      \*      \*

(4)   All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in (1) or (2), except as provided in §§ 39-17-130 and 39-17-131 \* \*."

■ The above is but a portion of the State Drugs and Substances Control Act which was adopted by the legislature. Section 17, Ch. 229, S.L.1970. It had its origin in the Uniform Controlled Substances Act which was approved by the National Conference of Commissioners on Uniform State Laws in 1970. Although SDCL 39-17-129 was changed slightly when adopted by the legislature, it is substantially the same as § 505 of the Uniform Act. The Commissioners' Notes after § 505 set out the purpose for the forfeiture sections.

> "Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by *drug traffickers* in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances and *to deprive the drug trafficker of needed mobility.*" 9 Uniform Laws Annotated § 505, p. 338. (emphasis supplied)

In United States v. One 1972 Datsun, Vehicle Id. LB1100355950, 1974, D. New Hampshire, 378 F.Supp. 1200, the court was called upon to interpret 21 U.S.C. § 881(a)(4). The wording of that section is identical with the wording of SDCL 39-17-129. There the court stated:

> "The legislative history surrounding these Amendments clearly shows that a purpose of vehicle forfeiture in the enforcement of the narcotics laws is to prevent the flow of narcotics by depriving *narcotics peddlers* of the 'operating tools' of their trade, thereby financially incapacitating the illegal narcotics activity." 378 F.Supp. at 1205 (emphasis supplied)

The legislative history of both the Uniform Law and the federal law indicates that the prime target of vehicle forfeitures is the "narcotics peddler" and "drug trafficker" and the purpose of forfeiture is to deny these people mobility and to financially weaken the narcotics enterprise.

■ We have closely examined the language of SDCL 39-17-129(4) in light of the above mentioned legislative history, and we conclude that the forfeiture provisions do not apply to the facts presented in this case. First, we are convinced that in passing the State Drugs and Substances Control Act the legislature did not intend the harsh result of forfeiture to apply to vehicles containing misdeameanor amounts of marijuana.[1] In this case the Attorney General is asking this court to construe SDCL 39-17-129(4) so strictly that a $4,000 automobile can be forfeited to the State because 0.4 ounce of marijuana seeds and some pipes containing marijuana residue were found in the vehicle when the driver was stopped for exhibition driving. Yet, it was conceded in oral argument that had this automobile been stopped in February of 1976, rather than April of 1975, no forfeiture proceeding would have been commenced. Apparently the Attorney General agrees with our construction of SDCL 39-17-129(4) because he has changed his policy and is no longer forfeiting vehicles containing misdemeanor amounts of marijuana.[2] In the absence of a clearer mandate by the legislature, we cannot construe this statute to embrace misdemeanor amounts of marijuana found in an automobile.[3] To do so would lead to an unconscionable and unjust result.

---

1. We note that the legislature in the last session decriminalized possession of less than one ounce of marijuana. Section 42-6, Ch. 158, S.L.1976, classifies it as a "petty offense" with the maximum sentence for violation being a $20.00 fine. This is further evidence of a legislative intent to solve the drug abuse problem in South Dakota by imposing stiff sentences for possession of "harder drugs" and for sale of all controlled substances while de-emphasizing enforcement for possession of less than one ounce of marijuana.

2. It was also conceded in oral argument that even when vehicles containing misdemeanor amounts were being forfeited, there was no uniformity in enforcing the provisions. The conduct of the person stopped seemed to be a factor in the decision to forfeit or release the vehicle. The Assistant Attorney General told the Court of a case where a vehicle would not have been forfeited had not one of the occupants "slugged" a police officer.

3. The legislature has now cleared up the ambiguity which has resulted from the wording found in SDCL 39-17-129(4). Section 42-19, Ch. 158, S.L.1976, amends § 39-17-129 to read as follows:
   "(4) All conveyances including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of property described in (1) or (2) *or marijuana in an amount which would constitute a felony under section 42-6 of this Act*, except as provided in §§ 39-17-130 and 39-17-131." (emphasis supplied)

Accordingly, we construe SDCL 39-17-129(4) to be limited to vehicles which are involved in the transportation, sale, possession or receipt of controlled substances that are of the type or amount which constitute a felony under the law of the State of South Dakota. To interpret this section otherwise would be to pervert and demean the basic objectives of the entire Act and the recent efforts of law enforcement officers to stem the flow of illegal drugs in this state.

■ Second, we hold that the Act requires something more than a mere showing that controlled substances were contained in the vehicle at the time it was stopped. SDCL 39-17-129(4) subjects to forfeiture conveyances "used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment" of controlled substances. The instant case involves only possession of marijuana in the defendant automobile. There is nothing in the affidavits to indicate that the movements of the automobile on April 26, 1975, were directly related to the possession of marijuana. The automobile was not used to "facilitate" the possession of marijuana, but was merely incidental to its possession. As the Supreme Court of Utah stated in construing the identical language in State v. One Porsche 2-Dr. I.D. No. 911211026, T. PP10026F, etc., 1974, Utah, 526 P.2d 917, 919, "The statute is *transportation* to *accomplish* possession, not simply transportation 'with' possession." (emphasis theirs) Here, there is no evidence in the affidavits of a conscious design to transport, sell, receive, possess or conceal a controlled substance in the defendant automobile.

Had the possession of controlled substances here constituted a felony, we would remand the case for an evidentiary hearing to determine if facilitation of possession was involved. However, it is uncontroverted that the possession of the marijuana was a misdemeanor. Therefore, summary judgment was properly granted, and the judgment of the circuit court is affirmed.

WINANS, J., concurs.

COLER, J., concurs specially.

WOLLMAN, J., dissents.

COLER, Justice (concurring specially).

While I agree with the result reached by the opinion written by the Chief Justice, I cannot condone the judicial rewrite of the statute involved to either accommodate the construction given to the statute by the office of the attorney general or the making retroactive of Section 42-19 of Chapter 158 of the Session Laws of 1976 which does not become effective until April 1, 1977 (See § 43-8, Ch. 158, S.L.1976)

It is too well established to be open to question that this court

> "will pass on the constitutionality of a law only when necessary to the determination upon the merits of a cause under consideration (citations omitted) and will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided. Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Goetsch et al. v. Home Owners' Loan Corporation, 67 S.D. 194, 291 N.W. 575." Haas v. Ind. School Dist., 1943, 69 S.D. 303, 9 N.W.2d 707, 710.

However, "it is no part of our duty to determine what ought to be. We must construe the law as we find it." Harris v. School District, 1913, 32 S.D. 544, 143 N.W. 898. Whatever construction may have been given to the statute by the attorney general, if we were to determine whether or not the law was constitutional, we must look "not to what has actually been done under the law, but what the law authorizes to be done under its provisions." Beveridge v. Baer, 1932, 59 S.D. 563, 241 N.W. 727.

The constitutional issues need not be reached if this court were to hold that the attorney general was without authority in law to proceed as was done in the instant case. The authority to proceed is not vested in the attorney general but is vested ex-

clusively in the state's attorney under SDCL 21-28-20.[1]

The provisions of SDCL 21-28-20, while authorizing an action, do not contain post-seizure procedure to accomplish due process for various interests involved in a forfeiture as did the language that was embodied in Section 5 of Chapter 95 of the Session Laws of 1968. These procedural and substantive rights were codified in the supplements to the South Dakota Compiled Laws in the 1968-69 cumulative pocket parts as SDCL 39-17-25 through 39-17-29 which read as follows:

"39-17-25. The following may be seized without warrant by a duly authorized agent of the division of criminal investigation whenever he has reasonable grounds to believe they are:

(1) A depressant, stimulant or hallucinogenic drug with respect to which a prohibited act within the meaning of § 39-17-22 has occurred;

(2) A drug that is a counterfeit;

(3) A container of such depressant, stimulant or hallucinogenic drug or of a counterfeit drug;

(4) Equipment used in manufacturing, compounding, or processing a depressant, stimulant or hallucinogenic drug with respect to which drug a prohibited act within the meaning of § 39-17-22 has occurred;

(5) Any punch, die, plate, stone, labeling, container or other thing used or designed for use in making a counterfeit drug or drugs; and

---

1. The statutory authority for a cause of action is found in SDCL 21-28-20 as follows:
    "21-28-20. Whenever, by the provisions of law, any property, real or personal, shall be forfeited to the state, or to any officer for its use, an action for the recovery of such property, alleging the ground of the forfeiture, may be brought by the state's attorney in the circuit court of the county where the property is situated."

(6) Any conveyance being used to transport, carry or hold a depressant, stimulant or hallucinogenic drug with respect to which a prohibited act within the meaning of § 39-17-22 has occurred; or any conveyance being used to transport, carry or hold a counterfeit drug in violation of § 39-17-32. As used in this subdivision the term 'conveyance' includes every description of vehicle, vessel, aircraft, or other contrivance used, or capable of being used as a means of transportation on land, in water, or through the air.

"39-17-26. When an article, equipment, conveyance, or other thing is seized under § 39-17-25, the chief agent shall, within five days thereafter, cause to be filed in the circuit court in whose jurisdiction the merchandise is seized or detained a complaint for condemnation of such merchandise as herein provided. The proceedings shall be brought in the name of the state by the prosecuting attorney of the county in which the article was seized, and the complaint shall be verified by a duly authorized agent of the state in a manner required by the law of this state. The complaint shall describe the merchandise, state its location, state the name of the person, firm or corporation in actual possession, state the name of the owner, if known to the duly authorized agent of the state, allege the essential elements of the violation which is claimed to exist, and shall conclude with a prayer of due process to enforce the forfeiture. Upon the filing of such a complaint, the court shall promptly cause process to issue to the sheriff or other state law enforcement officer, commanding him to seize the goods described in the complaint and to hold the same for further order of the court. The sheriff or other state law enforcement officer shall at the time of seizure, serve a copy of said process upon the owner of said merchandise. Such service may be made personally, by mail, or by publication according to the rules governing the service of civil process in this state. At the expiration of twenty days after such seizure, if no claimant has appeared to defend said complaint, the court shall order

the sheriff to dispose of said seized merchandise.

"39-17-27. Any person, firm or corporation having an interest in the alleged article, equipment, or other thing proceeded against, or any person, firm or corporation against whom a civil or criminal liability would exist if said merchandise is in violation of § 39-17-22 may, within twenty days following the seizure, appear and file answer or demurrer to the complaint. The answer or demurrer shall allege the interest or liability of the party filing it. In all other respects the issue shall be made up as in other civil actions.

"39-17-28. Whenever in any proceedings under §§ 39-17-25 to 39-17-30, inclusive, the condemnation of any equipment or conveyance or other thing, other than a drug, is decreed, the court shall allow the claim of any claimant, to the extent of such claimant's interest, for remission or mitigation of such forfeiture if such claimant proves to the satisfaction of the court:

(1) that he has not committed or caused to be committed any prohibited act referred to in § 39-17-25 and has no interest in any drug referred to therein,

(2) that he has an interest in such equipment, or other thing as owner or lienor or otherwise, acquired by him in good faith, and

(3) that he at no time had any knowledge or reason to believe that such equipment, or conveyance or other thing was being or would be used in, or to facilitate, the violation of the laws of this state relating to depressant, stimulant or hallucinogenic drugs or counterfeit drugs.

"39-17-29. When a decree of condemnation is entered against the article, equipment, conveyance or other thing, court costs and fees and storage and other proper expenses, shall be awarded against the person, if

any, intervening as claimant of the article."

These provisions closely parallel the provisions of the Utah Code cited as U.C.A. 1953, § 58-37-13, which the minority of the Utah Supreme Court in State v. One Porsche 2-Dr., I.D. No. 911211026, T. PP10026F, etc., 1974, Utah, 526 P.2d 917, found to be more fair than the Puerto Rico Laws Ann., Tit. 24, § 2512(a)(4), which the United States Supreme Court previously found as affording the due process in Calero-Toledo v. Pearson Yacht Leasing Co., 1974, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452.[2] Such provisions being absent from our statutes leaves serious doubt in my mind as to the constitutionality of the provisions of SDCL 39-17-129 to 39-17-137.

2. It should be observed that the provision enacted in 1968 afforded a greater protection to a lienholder than do the provisions of Senate Bill 195 enacted by the 1976 South Dakota legislative session (Chapter 250, Session Laws of 1976), which provides as follows:

"CHAPTER 250
(S.B. 195)
EXEMPTING CERTAIN CONVEYANCES
FROM
FORFEITURES FOR VIOLATIONS OF DRUG
LAWS
An Act

ENTITLED, An Act to amend SDCL 39-17 by adding a new section, relating to conveyances exempt from forfeiture.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF SOUTH DAKOTA:

That chapter 39-17 be amended by adding thereto a new section reading as follows:

Notwithstanding subdivision (4) of § 39-17-129, no conveyance shall be forfeited under the provisions of §§ 39-17-132 to 39-17-139, inclusive, by reason of any act committed by a person other than an owner of such conveyance unless the owner knew or in the exercise of ordinary care should have known that the conveyance was being used or was intended for use to transport, or in any manner facilitate the transportation, sale, receipt, possession or concealment of any property described in subdivisions (1) and (2) of § 39-17-129.

Conveyances, as described in subdivision (4) of § 39-17-129, which are subject to a bona fide perfected security interest at the time of seizure and forfeited under the provisions of §§ 39-17-132 to 39-17-139, inclusive, shall be taken by the chief agent subject to such security interest. The chief agent shall at his option within sixty days of the forfeiture of such a conveyance:

(1) Return the vehicle to the possession of the secured party;

(2) Satisfy fully all indebtedness to the secured party secured by such conveyance; or

(3) Return the conveyance to the possession of the secured party and require such secured party to sell within sixty days of receipt of the conveyance from the chief agent at public or private sale the conveyance from the chief agent at public or private sale the conveyance and retain all proceeds necessary to satisfy fully all indebtedness of the secured party secured by the conveyance together with all reasonable costs of the sale and remit to the chief agent all excess proceeds within thirty days of the sale."

On the record before us, I would affirm the summary judgment on the basis of the state's lack of standing.

WOLLMAN, Justice (dissenting).

Although the majority opinion reaches a result that seems equitable in the circumstances, I am of the opinion that we should apply the law as written and not construe it to apply only to the forfeiture of vehicles used to transport quantities of drugs that would give rise to a felony charge. See, e.g., United States v. One 1971 Porsche Coupe Auto, D.C., 364 F.Supp. 745; State v. One Certain Conveyance, Iowa, 211 N.W.2d 297; State v. One 1970 2-Door Sedan Rambler (Gremlin), 191 Neb. 462, 215 N.W.2d 849.