REQUESTED BY: Jan Pieper, Director, State Department of Personnel.
Can an applicant, who is referred to the Department of Personnel by a private employment agency and who is subsequently hired, be required to pay a fee to the private employment agency, when no job order has been issued by the state agency to the private employment agency?
No.
Section 48-520, R.R.S. 1943, provides in pertinent part:
 "No private employment agency shall send out any applicant for employment without having a bona fide employment order on file which shall state the name and address of the prospective employer, the name of the individual authorizing the order, and the title, duties and salary range of the position, and stating who shall pay the service fee. . . ." (Emphasis added.)
The above quoted provision clearly requires that an employment agency have a `bona fide employment order' on file before sending an individual to apply for a job. It is an established principle of interpretation that common words employed in a statute should be given their usual and ordinary meaning. Bachus v. Swanson, 179 Neb. 1,136 N.W.2d 189 (1965); State v. One 1970 2-Door Sedan Rambler,191 Neb. 462, 215 N.W.2d 849 (1974). In this context, the word `order' is defined as `a commission or instruction to supply.' Funk Wagnall's New Standard Unabridged Dictionary
(1941). Thus a `bona fide employment order' is an instruction by an employer to the agency to supply an applicant for employment.
If a private employment agency does not have a bona fide employment order on file which complies with the criteria enumerated in section 48-520, R.R.S. 1943, the agency is in violation of the mandatory provisions of the act. Section48-524, R.R.S. 1943, provides in pertinent part:
 "Upon a finding by the Commissioner of Labor or by any court of competent jurisdiction that a private employment agency has violated any of the provisions of this act . . ., such private employment agency shall be ordered to refund to the applicant all fees paid by the applicant, and any contract entered into with the private employment agency by the applicant shall be null and void."
Based on the above quoted provision, assuming the nonexistence of a bona fide employment order as defined by section48-520, the applicant who is hired could refuse to pay the fees and assert the violation of section 48-520 as a valid defense to an action brought by the agency to recover the fees. If such an applicant pays the fees, he or she may request the Commissioner of Labor or a court to find that the agency violated section 48-520 and upon such a finding the private employment agency would be ordered to refund the fees paid.