**PLATT v. UNITED STATES.**
No. 3469.

Circuit Court of Appeals, Tenth Circuit.
July 10, 1947.

BRATTON, Circuit Judge, dissenting.

G. C. Spillers and Donald S. Voorhees, both of Tulsa, Okl. (Spillers, Spillers & Voorhees, of Tulsa, Okl., on the brief), for Appellant.

Lawrence E. Todd, Asst. U. S. Atty., of Tulsa, Okl., (Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a judgment of forfeiture of a 1941 Chrysler automobile under 49 U.S.C.A. § 782. Sec. 782 in part reads: "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781, or in, upon, or by means of which any violation of section 781 has taken or is taking place, shall be seized and forfeited; * * *".

Section 781(a) in part reads as follows: "It shall be unlawful * * * (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possesion, purchase, sale, barter, exchange, or giving away of any contraband article."

The facts in the case are these: Blanche Cooper was a dope addict. She was living at home with her mother, the appellant, who was the owner of the automobile in question. Apparently she had been obtaining drugs on questionable doctor's prescriptions. On the evening of the day in question, she asked her mother for the use of her automobile. Her request was granted. There is some evidence that she had been permitted the use of the car on a few other occasions. About 8:30 p. m. on the date in question, accompanied by a neighbor's little girl, she drove up to the Montgomery Drug Store. She parked the car across the street from the store, entered the drugstore, presented a prescription purporting to be signed by Dr. Dolan, and obtained twelve quarter grain morphine tablets. As she came out of the drugstore she was arrested by a United States narcotics agent, and the drug was seized and taken from her. Her mother knew that she was a drug addict, but did not know, if she had it in mind when she asked for the use of the car, that she intended to go to the drugstore to obtain drugs. These facts are not in dispute. The only disputed issue of fact relates to the genuineness of the prescription. Blanche Cooper claimed that the prescription was genuine, while the government, on the other hand, contended that the doctor's name was forged thereto.

The case was tried to a jury sitting in an advisory capacity. The following questions were submitted to the jury for answer. "1. Do you find from the evidence that narcotics were obtained by Blanche Cooper on June 19, 1946, by means of a forged prescription?" and "2. Do you find that the 1941 Chrysler Sedan was used by Blanche Cooper to facilitate the procurement of such narcotics?" Both questions were answered in the affirmative. Question No. 2 was answered in the affirmative by direction of the court. The court adopted the answers of the jury as its findings of fact, and made additional findings of fact on matters not submitted to the jury. These additional findings are not in issue here and are therefore not set out. Based on the findings, the court concluded as a matter of law that the drugs were contraband within the terms of Title 49, Sec. 781 et seq., U.S.C.A. and that the automobile in question was subject to forfeiture.

One of the main points urged for reversal is that the provisions of Section 781(a) (3) are so vague and indefinite as to render the Act unconstitutional. The main attack is directed against the phrase "to facilitate." It is argued that this phrase is of such indefinite meaning that the statute is void for uncertainty. The word "facilitate" is one of common use in business and transactions between ordinary persons. It is a term of everyday use, with a well understood and accepted meaning. Webster defines "facilitate" as meaning: "To make easy or less difficult; to free from difficulty

or impediment; as to facilitate the execution of a task. (2) To lessen the labor of; to assist; * * *". Funk & Wagnall's New Standard Dictionary defines "facilitate" as follows: "To make more or less difficult; free more or less completely from obstruction or hindrance; lessen the labor of." The word "facilitate" appears in many federal statutes. In none of them is it defined, but the presumption is that when Congress used this word, it ascribed to it its ordinary and accepted meaning. What is then meant by the use of the word "facilitate" is that if an automobile is used to assist in the commission of the crime[1], it is subject to forfeiture. The crime charged here was the illegal purchase of narcotics. The use of the automobile did not make the accomplishment of the purchase more easy or free it from obstructions or hindrance, or make the sale any less difficult. It was merely the means of locomotion by which Blanche Cooper went to the store to make the purchase. Its use enabled her to get to the store more quickly than if she had walked or had used a slower means of transportation. But the argument that this facilitated the purchase disregards the ordinary and accepted meaning of the word when applied to the sale. Ascribing such a meaning to the use of the word "facilitate" would raise grave doubts as to the constitutionality of the statute on the ground of vagueness and indefiniteness. The means employed by Blanche Cooper in going to the store had nothing to do with the purchase. The ease or difficulty of the purchase would have been the same no matter how she got there. Ascribing to the word "facilitate" its ordinary, everday, accepted meaning and understanding, we have no difficulty in upholding the constitutionality of the Act against a charge that the statute is so vague and indefinite as to fail to apprise one charged with its violation of the exact nature of the crime charged.

The point that the parties stipulated that the automobile was used to facilitate the purchase of the drug and that the court therefore did not decide this issue, and that in any event the cause should be remanded for a determination of that issue by the trial court, lurks in the background. A careful analysis of the record, however, establishes that this is not the case.

At the conclusion of the trial, the court instructed the jury. Its closing instruction related to the consideration the jury should give to the answer to the two questions propounded, as outlined above. At this point the following colloquy occurred between the court and attorney for appellant:

"Mr. Spillers: If the Court please, I think question No. 2 ought to be withdrawn because there is no question about that.

"The Court: Well, I will ask you to answer No. 2 in the affirmative because there actually isn't any question. * * *

"Mr. Spillers: No question about that.

"The Court: No."

Just what appellant's attorney meant by his statement that there was no question about Question No. 2 is not clear. If he meant that the evidence required an affirmative answer, then his suggestion that the question be withdrawn was improper. In that event the jury should have been instructed, as it was, to answer in the affirmative. That the court was of the opinion that the evidence required an affirmative answer to Question No. 2 is clear from its instruction to the jury to return an affirmative answer thereto.

While appellant's main reliance in the trial was largely on the theory that the Act in question was unconstitutional, this was not the only issue nor was it the basis of the court's decision. The court decided the case on the theory that the right to forfeit the automobile depended upon whether it was used to facilitate the purchase of the drugs in question. This is evidenced by the fact that the court did not withdraw Question No. 2 from the jury as suggested by appellant's attorney, but directed an affirmative answer thereto. In its findings of fact it adopted the answer of the jury to the question as a finding of fact, and based its conclusions of law and its judgment thereon. One of the grounds set up in the motion for a new trial by appellant was: "That the plaintiff wholly failed to show that the car in question was used to facilitate the

[1] See Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751.

purchase or transport any contrabands of whatsoever nature or kind." Thus it appears that the issue whether the car was used to facilitate the purchase of the drugs in question was presented to the court and decided by it.

██ It is doubtful if the statement by appellant's attorney in respect to this matter can be construed as a stipulation as to a finding of fact, but, in any event, parties may not stipulate the findings of fact upon which conclusions of law and the judgment of the court are to be based. Parties may by stipulation establish evidentiary facts to obviate the necessity of offering proof, but based thereon the court must itself find the ultimate facts upon which the conclusions of law and the judgment are based.[2]

██ So, likewise, it may be argued that appellant's attorney by his remarks caused the court to fall into error and therefore may not now complain thereof. It is a well established principle that a party may not complain of error on the part of the court which was induced by him.[3]

██ It is quite clear, however, from the record that the statement of counsel for appellant that Question No. 2 ought to be withdrawn because there was no question about that, did not mislead the court or cause it to fall into error in directing the jury to answer the question in the affirmative and base its ultimate finding thereon, because it did not withdraw the question and was itself of the view, as evidenced by the directions to the jury, that only an affirmative answer could be given thereto.

Other questions are presented which, because of the conclusions we have reached, as outlined above, are not necessary to be answered. The finding should have been that the automobile was not used to facilitate the procurement or purchase of the drug within the meaning of the statute in question.

The judgment is accordingly reversed and the cause is remanded with directions to dismiss.

BRATTON, Circuit Judge, (dissenting).

My view is that the statute, 49 U.S.C.A. § 781(a) (3), is valid. And my further view is that the automobile was used to facilitate the purchase of narcotics. But I think it was error to admit certain testimony given by an agent of the Bureau of Narcotics. Accordingly, I would reverse on that ground, but not on the ground that the automobile was not used to facilitate the purchase of narcotics.

[2] Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722; Andrews v. St. Louis Joint Stock Land Bank, 8 Cir., 107 F. 2d 462, 470; Macklin v. Kaiser Co., D. C., 69 F.Supp. 137.

[3] Law v. United States, 266 U.S. 494, 496, 45 S.Ct. 175, 69 L.Ed. 401; Mach v. Abbott Co., 8 Cir., 136 F.2d 7, 10.