**UNITED STATES of America,**
Appellant,

v.

**ONE 1950 BUICK SEDAN,**
Serial No. 56272505.

No. 11707.

United States Court of Appeals
Third Circuit.

Argued Dec. 21, 1955.

Decided March 12, 1956.

Eugene J. Bradley, Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellant.

Samuel Kagle, Philadelphia, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

STALEY, Circuit Judge.

The United States of America has appealed from an order of the United States District Court for the Eastern District of Pennsylvania that dismissed a libel praying for forfeiture, under Section 782 of Title 49, U.S.C.A.,[1] of one 1950 Buick sedan, serial No. 56272505, owned by claimants-appellees, Rosetta Brown and Juanita Young, that allegedly had been used to facilitate the transportation and sale of contraband in violation of Section 781 of Title 49 U.S.C.A.[2]

1. "§ 782.  Seizure and forfeiture
  "Any * * * vehicle * * * which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of section 781 of this title has taken or is taking place, shall be seized and forfeited * * * Provided further, That no * * * vehicle * * * shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such * * * vehicle * * * was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." 49 U.S. C.A. § 782.

2. "§ 781.  Unlawful use of vessels, vehicles, and aircrafts; contraband article defined
  "(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any * * * vehicle * * *; (2) to conceal or possess any contraband article in or upon any * * * vehicle * * *; or (3) to use any * * * vehicle * * * to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
  "(b) As used in this section, the term 'contraband article' means—(1) Any narcotic drug which has been or is possessed

It is contended that the district court erred in holding that appellant had not shown probable cause for the institution of the action as required by Section 1615 of Title 19, U.S.C.A.[3] That section provides that the burden of proof in a forfeiture action is on the claimant, provided that probable cause shall be first shown for the institution of the action.

The facts as found by the district court are [130 F.Supp. 409]:

  "Rudolph P. Crouch, a Federal Narcotics Agent, together with a special employee of the Narcotics Bureau, presumably an undercover informant, were standing on the street corner at the intersection of 19th and South Streets, in the City of Philadelphia, at about 2 o'clock p. m. on April 6, 1952.  One Thomas Gaskins, driving the automobile in

with intent to sell or offer for sale in violation of any laws or regulations of the United States dealing therewith; or which has been acquired or is possessed, sold, transferred, or offered for sale, in violation of any laws of the United States dealing therewith * * *." 49 U.S.C.A. § 781.

3. Section 1615 of Title 19, U.S.C.A., is applicable to forfeiture actions under Section 782 of Title 49 by virtue of Section 784 of Title 49 U.S.C.A.
  "§ 784.  Application of related laws
  "All provisions of law relating to the seizure * * * and judicial forfeiture, and condemnation of * * * vehicles for violation of the customs laws * * * shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this chapter, insofar as applicable and not inconsistent with the provisions hereof * * *." 49 U.S.C.A. § 784.
  "§ 1615.  Burden of proof in forfeiture proceedings
  "In all suits or actions brought for the forfeiture of any * * * vehicle * * * seized under the provisions of any law relating to the collection of duties on imports * * * where the property is claimed by any person, the burden of proof shall lie upon such claimant; * * * Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court * * *." 19 U.S.C.A. § 1615.

question, arrived at the intersection and stopped for a traffic light. The special employee called to Gaskins, who drove the automobile to the curb and parked it. Agent Crouch and the special employee then entered the car and engaged in conversation with Gaskins. The special employee introduced Crouch to Gaskins. Crouch then asked Gaskins whether he could supply him with one-sixteenth of an ounce of heroin. Gaskins, admittedly a narcotics dealer, agreed to supply the requested drug and demanded payment of $20 in advance as its purchase price. Gaskins further told Crouch that he, Gaskins, would have to go and get the heroin and instructed Crouch to meet him in fifteen or twenty minutes in a tavern a few blocks distant, located at the corner of 17th and Kater Streets in the City of Philadelphia. Gaskins then drove off in the car. Crouch and the special employee walked to the tavern and, some twenty minutes later, were joined by Gaskins inside the tavern. Gaskins handed Agent Crouch a package containing the heroin, which package bore no Internal Revenue stamps. Neither did Crouch furnish Gaskins with the Treasury Order Form required in a drug transaction. Gaskins demanded from Crouch $3 additional for transportation charges, which Crouch paid to him. The three then left the tavern. Gaskins entered the automobile in question, then parked at the corner, and drove off. Agent Crouch and the special employee left the scene and returned to the office of the Narcotics Bureau. The record is silent as to whether or not the Buick automobile was parked near the tavern when the two employees of the Narcotics Bureau entered it."

The district court concluded that "We have here a situation where the Government asks the Court to determine as a matter of fact that the automobile was used within the terms of the statute to either 'transport' or 'facilitate' the sale of the narcotics. It is just as reasonable to assume that Gaskins used public transportation, as that he used the automobile here in question. His demand for excess 'transportation costs' is more consistent with the use of public transportation than with the use of the automobile here in question." Accordingly, the district court found that probable cause for forfeiture of the automobile had not been shown. We think the district court erred.

■ The probable cause which the government must establish under Section 1615 of Title 19, U.S.C.A. does not mean that evidence must be presented which would conclusively establish that a violation of the law has taken place. In discussing the term "probable cause" [4] in Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, the Supreme Court said that,

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' McCarthy v. De Armit, 99 Pa. 63, 69, quoted with approval in the Carroll opinion. 267 U.S. at page 161, 45 S.Ct. at page 288, 69 L.Ed. 543. And this 'means less than evidence which would justify condemnation' or conviction, as Marshall, C. J., said for the Court more than a century ago in Locke v. United States, 7 Cranch. 339, 348, 3 L.Ed. 364. Since Marshall's time, at any rate, it has

---

4. See United States v. One 1949 Pontiac Sedan, 7 Cir., 1952, 194 F.2d 756, 759, for a discussion of the term.

come to mean more than bare suspicion: Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543." 338 U.S. at pages 175–176, 69 S.Ct. at page 1310.

The facts and circumstances presented by the government and accepted by the district court showed that the arrangements for the sale and the handing over of the purchase money occurred in the automobile. The appellees have urged that this does not mean the automobile "facilitated" the sale within the meaning of the statute. The use of the automobile, they say, was incidental because the negotiations and the payment could easily have taken place on the sidewalk outside the car. The term "facilitate" is a term used in everyday transactions between people. There is no indication that Congress ascribed to this word any meaning other than its ordinary and accepted meaning. Webster defines facilitate as "to make easy or less difficult; to free from difficulty or impediment; as, to facilitate the execution of a task." Funk and Wagnalls says, "To make more or less difficult; free more or less completely from obstruction or hindrance; lessen the labor of." This ordinary meaning of "facilitate" has been accepted in cases similar to this one. See Platt v. United States, 10 Cir., 1947, 163 F.2d 165, 166–167; United States v. One 1949 Ford Sedan, D.C.N.C.1951, 96 F.Supp. 341, 343.

The question then is whether there was a reasonable ground for belief that the use of the automobile made the sale less difficult and allowed it to remain more or less free from obstruction or hindrance.

Negotiations for an illegal sale of narcotics do not take place openly and publicly. It is always convenient that some degree of privacy attend all phases of the sale. The automobile certainly provided a convenient place for conversation and payment. Of course, the parties might have talked on the sidewalk. By the same token, they could have transacted their business in a million other places. But that does not mean that the automobile did not facilitate the sale. The appellee's argument might have substance had the negotiations and payment taken place in an automobile parked in the middle of the desert miles away from any place or anyone, for then it would be doubtful whether the fact of negotiations and payment *in* rather than *outside* the automobile made the transaction less difficult or allowed more freedom. But the automobile here was parked in a street in the city of Philadelphia at 2 p. m. Under those circumstances, a reasonable belief is certainly warranted that the automobile facilitated the sale. Indeed, we think that the facts presented by the government were such that the judge would have been justified in submitting them to a jury considering the guilt of one indicted for violating Section 781.

But there is more in the facts to sustain a finding of probable cause. When Gaskins received payment, he told the parties that he had to go and get the narcotics and drove off in the car. Twenty minutes later, he arrived at the tavern with narcotics in his possession and gave them to the purchasers. He and the purchasers then left the tavern. Gaskins entered the car in question, which was parked at the corner, and drove off. A very reasonable, almost compelling inference would be that Gaskins during that twenty-minute period used the car to assist him in transporting the narcotics. And the facilitation of the transportation of narcotics was covered by the libel.

In United States v. One 1949 Pontiac Sedan, 7 Cir., 1952, 194 F.2d 756, probable cause was found to exist on facts which showed that one Moses entered certain premises with narcotics and car

keys in his possession, which were for a car parked outside. Thirty minutes before Moses arrived, the car had not been parked outside the premises. There was no direct evidence that Moses arrived at the premises by means of the car in question. Nonetheless, the court found that there was basis for a reasonable belief that Moses had driven the car with the narcotics on his person.

Those facts are essentially indistinguishable from the facts in this case. We think the facts definitely established probable cause that Gaskins used the car to facilitate the sale and transportation of narcotics in violation of the law. We have examined the cases cited by the appellees and those relied upon by the district court, but they do not persuade us otherwise.[5]

■ The appellees have urged that this court cannot upset the district court's findings on facilitation and probable cause unless those findings are clearly erroneous. But we are not here bound by Rule 52(a) of the Federal Rules of Civil Procedure.[6] As we said in Sears, Roebuck & Co. v. Johnson, 3 Cir., 1955, 219 F.2d 590, 591,

"* * * In disturbing a district court's findings of basic facts, this court is guided by the 'clearly erroneous' provision of Rule 52(a). But Rule 52(a) is not applicable where, as here, the dispute is not as to the basic facts, but as to what inference (i. e., ultimate fact) should reasonably be derived from the basic facts."

This court by examining the basic facts found by the district court can determine as advantageously as the district court can whether or not a reasonable inference can be drawn from the basic facts that the car facilitated the transportation and sale of narcotics, and that probable cause existed.

■ The government, having established probable cause, was entitled to forfeiture, unless the claimants-appellees had a valid defense. The claimants-appellees urge that since the government did not confiscate the car until almost a year after the violation occurred, equitable estoppel should bar the forfeiture. One of the conclusions of law by the district court was that actions for forfeiture may be commenced within five years after an alleged offense is discovered. This has not been disputed, and we do not find any reason for upsetting the district court's rejection of that defense.

■ From the facts in the record, it appears that the claimants-appellees are innocent victims of the law that Congress has deemed necessary to control the illegal trafficking in narcotics. But, however sympathetic we may be, we are bound when Congress, in the proper and prudent exercise of its authority, has spoken.

The order of the district court will be reversed and the cause will be remanded with instructions that judgment be entered in favor of the United States of America.

---

5. See United States v. One 1952 Ford Victoria, D.C.Cal.1953, 114 F.Supp. 458; United States v. One 1949 Ford Sedan, D.C.N.C.1951, 96 F.Supp. 341; Platt v. United States, 10 Cir., 1947, 163 F.2d 165.

6. "Rule 52. Findings by the Court.
"(a) Effect. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * *"
Fed.R.Civ.Proc. Rule 52(a), 28 U.S.C.A