HENDRY, Judge.
This is an appeal by the State challenging an order granting the appellee’s motion to dismiss a rule to show cause why the appellee’s Porsche automobile should not be forfeited.
Briefly, the relevant facts reveal that the appellee, Robert Higgins, Jr. was arrested at a residence located at 520 N.W. 157th Street, Miami. Higgins was arrested during what the appellee characterized as a police “raid.” He was charged originally with possession of cocaine and marijuana.
Following his arrest, Higgins’ car, which was legally parked on the street at the house, was ordered to be towed away and stored for safekeeping, allegedly in accordance with the policy of the Dade County Public Safety Department.
Prior to being towed, however, a uniform officer conducted an inventory search of the vehicle at the scene, without a search warrant. The officer found two packets behind one of the the seats in the car which he thought to be cocaine. A subsequent chemical analysis revealed that the packets were a controlled drug, PCP (phencyclidine).
Thereafter, the state filed a petition for a rule to show cause why the appellee should not forfeit his automobile to the use of or sale by the Dade Public Safety Department in accordance with Fla.Stat. § 893.12(2) and (5), F.S.A.
A hearing was held at which time the court basically was presented with legal arguments by both sides. At the conclusion of the hearing, the judge stated as follows:
“ • ■ .to forfeit the person’s ownership of the vehicle just because they are arrested for having some quantity of drugs, whether it be hard drugs or not, is not the intent of this statute.
“I think it is where the vehicle is being used to further a drug operation. That is the way I have always interpreted the statute .
“I am going to grant his motion to dismiss the rule.”
The state has appealed contending that Higgins was in constructive possession of the illegal drugs found in his car, and since the vehicle was a repository for the drugs, the car was being used in violation of Chapter 893, Florida Statutes and is subject to forfeiture.
The appellee in reply to the state has raised two points: first, that the automobile was illegally seized and searched and therefore the fruits of the search must be suppressed and the car returned to its rightful owner; and second, forfeiture is improper in the absence of a showing that the vehicle is part and parcel of an illegal drug “operation.”
We are inclined to agree with the ap-pellee’s second point that forfeiture of an automobile is a drastic remedy in the absence of a nexus between the illegal drugs found in the car and the furtherance of an illegal drug “operation,” even though a strict reading of the language contained in Section 893.12(2) would seem to permit a forfeiture for “any violation of this chapter.”
In our view, forfeiture statutes are intended to apply to those individuals who are “significantly involved in a criminal enterprise.” Cf., United States v. United States Coin and Currency, 401 U.S. 715, 721-22, 91 S.Ct. 1041, 1045, 28 L.Ed.2d 434 (1971).
However, it is unnecessary for us to expressly decide this latter point inasmuch as we agree with the appellee’s first point. We think the search and seizure of the ap-pellee’s car in this case clearly was improper.
A forfeiture proceeding such as this one is quasi-criminal in nature and is thus protected by the exclusionary rule under the Fourth Amendment to the United States Constitution. See, One 1958 Plym *453 outh Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965).
The state has offered nothing to substantiate either that the police had probable cause to believe that contraband was in the vehicle or that exigent circumstances existed at the time of the search. Compare, United States v. McCormick, 502 F.2d 281 (9th Cir. 1974).
At the hearing in the trial court, the state relied simply on the policy of the Dade County Public Safety Department. It was contended that the vehicle was inventoried, searched, and towed as a matter of “self-protection” since the car was not located at the owner’s, Higgins’, residence and therefore potentially was subject to a claim that either the car or loose articles lying therein were taken. We find such a rationale legally insufficient.
Therefore, for the foregoing reasons, the order appealed is affirmed.
Affirmed.