STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. A 1971 DATSUN, NEW JERSEY REGISTRATION UGO–841 V.I.N. PL 510896770 (OWNED BY WILLIAM A. FEENEY), DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 13, 1976—Decided February 6, 1976.

Before Judges LYNCH, LARNER and HORN.

*Mr. Timothy N. Tuttle,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph C. Woodcock, Jr.,* Bergen County Prosecutor, attorney; *Mr. Willard E. Byer, Jr.,* Assistant Prosecutor, on the brief).

*Mr. Paul Cecere* argued the cause for respondent (*Mr. Paul J. Giblin,* attorney).

The opinion of the court was delivered by

LYNCH, P. J. A. D. A charge of possession of a controlled dangerous substance with intent to distribute was lodged against William A. Feeney on August 17, 1974. The Bergen County Prosecutor thereafter filed a complaint for the forfeiture of a 1971 Datsun automobile which belonged to Feeney and which was allegedly utilized in the commission of the above offense.

An *ex parte* order for the seizure of the vehicle was entered pursuant to *N. J. S. A.* 24:21–35(g)(2). Feeney thereupon made a motion to retrieve the vehicle. Ultimately an order denying forfeiture and ordering the return of the vehicle to Feeney was entered. The State appealed. Pending disposition of the appeal a stay of the order of retrievement was entered by a single judge of this court.

The underlying facts follow. Information was conveyed by the Paramus Police Department to the Bergen County Narcotics Task Force that William Feeney would have in his possession on August 17, 1974 approximately one ounce of cocaine. A member of the task force, Kenneth Shelton, made arrangements to purchase this cocaine from Feeney on that date.

At 6:30 P.M. Feeney drove the vehicle subject to this proceeding to a parking lot of a bar in Paramus. Investigator Shelton arrived at the same place a few moments later. He signaled to Feeney to enter his vehicle. Feeney exited from his car with a yellow and black flashlight. He then entered Shelton's vehicle.

After Feeney's entry into Shelton's vehicle, Shelton proceeded to drive south on Forrest Avenue, in Paramus. Feeney removed from the flashlight a packet of white powder containing cocaine. After Shelton gave a prearranged signal to other members of the task force, they approached the vehicle and arrested Feeney.

*N. J. S. A.* 24:21–35(b)(4), under which this proceeding was brought, reads as follows:

b. The following shall be subject to forfeiture and no property right shall exist in them:

. . . . . . . .

(4) All conveyances including aircraft, vehicles, or vessels, which are used or intended for use, *to transport, or in any manner to facilitate the transportation,* for the purpose of sale or receipt . . . [any controlled dangerous substance or equipment designed to manufacture any controlled dangerous substance]. (Emphasis added).

Defendant, as well as the trial judge relies upon *Ben Ali v. Towe,* 30 *N. J. Super.* 19 (App. Div. 1954). *Ben Ali* interpreted *N. J. S. A.* 24:18–38.1, the predecessor of the statute involved in the instant matter. That statute authorized forfeiture of a vehicle if it was "used in, for or in connection with the violation." This language was interpreted to require a causal connection between the use of the car and the crime with which defendant was charged. The court failed to find this requisite connection between a charge of possession of a controlled dangerous substance and the use of the car.

*Ben Ali* is distinguishable from the problem presented in this appeal on two grounds. As already noted, *Ben Ali* interpreted the predecessor of *N. J. S. A.* 24:21–35(b)(4). The instant statute passed in 1971 is much broader since it allows forfeiture of a vehicle when it is used to transport or in any manner to facilitate the transportation, for the purpose of sale or receipt, of any controlled dangerous substance.

It should also be noted that the charge in this case is possession with intent to distribute a controlled dangerous

substance. In *Ben Ali* the court was without evidence as to the purpose of the owner in using the vehicle. Here there is ample evidence that the 1971 Datsun was used to "transport" a controlled dangerous substance to the site for a sale.

The State analogizes the instant statute to the similar federal enactment. 49 *U. S. C.* § 781, *c.* 11. It reads:

Unlawful use of vessels, vehicles, and aircrafts; contraband article defined.

(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article. * * *

While the federal statute is broader than our forfeiture statute, it is analogous in its use of the words "to transport" and "to facilitate the transportation" of contraband articles. The federal cases make it clear that any intentional transportation of illegal narcotics in a vehicle regardless of quantity will subject the conveyance to forfeiture. See *United States v. One 1972 Datsun, Vehicle I. D. No. LB1100355950,* 378 *F. Supp.* 1200, 1202 (D. N. H. 1974); *Associates Investment Co. v. United States,* 220 *F.* 2d 885 (5 Cir. 1955); *United States v. One 1949 Pontiac Sedan,* 194 *F.* 2d 756 (7 Cir.), *cert.* den. 343 *U. S.* 966, 72 *S. Ct.* 1061, 96 *L. Ed.* 1363 (1952).

In vacating the forfeiture herein the trial judge placed substantial reliance on the federal decisions in *Platt v. United States,* 163 *F.* 2d 165 (10 Cir. 1947); *Howard v. United States,* 423 *F.* 2d 1102 (9 Cir. 1970), and *United States v. One 1950 Buick Sedan,* 130 *F. Supp.* 409 (E. D. Pa. 1955), rev'd 231 *F.* 2d 219 (3 Cir. 1956).

*Platt* and *Howard* were factually distinguishable from this case. In *Platt* a young lady used the car involved to get to the drug store where she made an illegal purchase of nar-

cotics. Before she could return to the vehicle she was arrested. The car was never used to transport the narcotics.

*Howard* arose in the context of a motion to suppress. The court found that there was no probable cause to believe that the car had facilitated transportation of marihuana. Again, as in *Platt,* there was no evidence that the car ever contained the contraband as here.

Finally, the trial judge's reliance on *United States v. One 1950 Buick Sedan, supra,* was misplaced. After citing from *Platt,* the trial judge here said that, based on Platt's rationale, the court in the *One 1950 Buick Sedan,* "held that there was no probable cause for confiscation and forfeiture of an automobile allegedly used to facilitate the purchase and sale of heroin where the alleged transaction took place in a tavern." That indeed was the holding of the District Court in *One 1950 Buick Sedan,* but it was reversed by the Court of Appeals, which held that the automobile was used to transport heroin within the meaning of the statute so as to justify its forfeiture. 231 *F.* 2d at 222–223.

In the instant case it is clear that the 1971 Datsun was in fact used to transport cocaine to the parking lot where Feeney met the undercover agent. Also the inference is inescapable that Feeney was to meet the agent at 6:30 P.M. Thus, the car was also essential to the timing of the transaction. Given the intentional transportation of the drugs in the car, the order granting forfeiture should not have been vacated.

The order of the trial court vacating the forfeiture is reversed.