356 So.2d 933 (1978)
William L. NICHOLS, Appellant,
v.
STATE of Florida, and One (1) 1970 Tan Ford Van V.I.N. E 32GHH73258, Appellees.
No. 77-1318.
District Court of Appeal of Florida, Second District.
March 31, 1978.
Robert G. Jacobson, of Farr, Farr, Haymans, Moseley & Odom, Port Charlotte, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellees.
SCHEB, Judge.
Appellant Nichols challenges the trial court's order forfeiting his motor vehicle to the state under Section 943.43, Florida Statutes (1975). Since there was no showing of any nexus between the controlled substance found in the vehicle and any illegal drug operation, we hold the forfeiture was improper. We reverse.
Two deputies from the Charlotte County Sheriff's Department stopped Nichols while he was driving his van on March 9, 1977. The deputies had received a tip from a confidential informant that there was marijuana in the vehicle. On this basis they searched the vehicle and found a small quantity of marijuana. As a result Nichols was charged with felonious possession of a *934 controlled substance and the van was impounded pursuant to the "Florida Uniform Contraband and Transportation Act," Sections 943.41 through 943.44, Florida Statutes (1975).
Nichols pled nolo contendere to the charge against him, and the court withheld adjudication and placed him on probation. Thereafter, the state petitioned the trial court for an order forfeiting the van to the state. After an evidentiary hearing, the trial court on July 6, 1977, granted the state's petition and ordered the van forfeited for the use of, or sale by, the Charlotte County Sheriff's Department. From the order of forfeiture this appeal ensued.
The state correctly points out that Section 943.42, Florida Statutes (1975), makes it unlawful to transport, conceal, or possess any contraband article in or upon a motor vehicle; and that Section 943.43 provides that any motor vehicle used in violation of the preceding section shall be seized and may be forfeited under the procedures outlined in Section 943.44. Thus, from a literal reading of the statutes it may appear the trial court could have ordered Nichols' vehicle forfeited. The teaching of the Supreme Court of Florida in a very recent opinion, however, demonstrates that such an approach is superficial. In Griffis v. State, 356 So.2d 297 (Fla. 1978), Case No. 51,011, opinion filed March 2, 1978, the supreme court traced the legislative history and intent of Sections 943.41 through 943.44. The court noted that the provisions are substantially identical to those in 49 U.S.C. Sections 781 and 782. Further, the court pointed out that the legislature's purpose in enacting these sections was to conform Florida's forfeiture statutes to their federal counterparts, which authorize forfeiture only when the vehicle is engaged in drug trafficking. Justice Karl, speaking for the court, then explained:
We must also conclude that it was not the legislative intent in enacting Chapter 73-331, Section 12, Laws of Florida [now Sections 943.41-943.44], to authorize vehicle forfeiture as an instrument to punish citizens for mere possession of controlled substances in a vehicle. Although this construction may conflict with a literal reading of Sections 943.41 through 943.44, Florida Statutes (1975), an interpretation allowing forfeiture for mere possession of a controlled substance does violence to the expressed intent of the Legislature.
Griffis v. State, Case No. 51,011, 356 So.2d 297 at 301 (emphasis supplied).
The trial judge applied the forfeiture statutes in a literal manner and ordered forfeiture because a small amount of marijuana was found in the vehicle while Nichols was legally in charge of it.[1] Since, however, the evidence before the trial court did not reveal any nexus between the controlled substance found in the van and any illegal drug operation, this appeal is directly controlled by the supreme court's opinion in Griffis v. State, supra. Accordingly, the order of the trial court must be and is hereby vacated.
Reversed.
GRIMES, A.C.J., and OTT, J., concur.
NOTES
[1] Two recent district court of appeal decisions have indicated that forfeiture is a drastic remedy that should be applied only to those persons "significantly involved in a criminal enterprise." In re Forfeiture of 1969 Camaro, 334 So.2d 82, 83 (Fla.3d DCA), cert. den. 342 So.2d 1103 (Fla. 1976); In re Forfeiture of 1972 Porsche, 307 So.2d 451, 452 (Fla.3d DCA 1975). However, the supreme court did not address this subject definitively until Griffis v. State. In fairness to the trial court we note that it did not have the benefit of the Griffis opinion when it entered its order of forfeiture.