363 So.2d 172 (1978)
James Arthur MOSLEY and a 1972 Chevrolet Monte Carlo, Vin: IH575H2B44883, Appellants,
v.
STATE of Florida ex rel. BROWARD COUNTY, Florida, for the Use and Benefit of Broward County Sheriff's Office, Appellee.
No. 77-1239.
District Court of Appeal of Florida, Fourth District.
October 11, 1978.
Sheldon M. Schapiro of Stone & Schapiro, Hollywood, for appellants.
*173 Robert L. Shevin, Atty. Gen., Tallahassee, John D. Cecilian and Benedict P. Kuehne, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
On July 21, 1976, at about 2:15 p.m., Carrie Jones, a confidential informant, under surveillance by two deputy sheriffs, approached a gold Monte Carlo automobile parked near Tony's Bar. Appellant and another male were seated in the vehicle; Carrie talked to the occupants of the vehicle and then returned to the car in which the deputies were located, obtained $20 and returned to the Monte Carlo. In the meantime appellant exited the driver's side of the Monte Carlo and walked around the side of a building nearby and returned within a minute. When Carrie returned to the Monte Carlo she was given two tinfoil packets of heroin in return for the $20. These packets were turned over to the deputies, marked and eventually analyzed chemically, proving to be heroin.
On July 29, 1976, one of the deputies observed appellant just west of Tony's Bar at approximately 2:00 p.m. The deputy arrested appellant for the heroin transaction on July 21st and he and another deputy proceeded to "inventory" the gold Monte Carlo legally parked about thirty feet away from where appellant was arrested. They found twenty-six packets of heroin in the car. The deputies "inventoried" the car as they were going to tow it in due to its involvement in the July 21st heroin transaction.
The appellee commenced this proceeding to forfeit the gold Monte Carlo owned by appellant. After hearing the evidence adduced, the trial court ordered the vehicle forfeited pursuant to Sections 943.41-943.44, Florida Statutes (1977), the Florida Uniform Contraband Transportation Act.
The thrust of appellant's attack upon the judgment appealed from is that the search of appellant's car on July 28th was unlawful and violated appellant's Fourth Amendment rights, that the search was not incident to a lawful arrest, and, therefore, a forfeiture of the vehicle based upon the fruits of the July 28th search can not stand.
We do not quarrel with appellant's contention that the July 28th search was unlawful and that, if the forfeiture were based on the fruits of that search, the forfeiture too would be unlawful. However, we believe the vehicle was subject to forfeiture for the heroin transaction which took place on July 21st and the mere fact that the car was not seized on that date, but eight days later, is of no consequence because the statute of limitations for forfeiture proceedings is four years. Section 95.11(3)(n) Florida Statutes (1975).
Sections 943.41-943.44 constitute the Florida Uniform Contraband Transportation Act. It was the intention of the Legislature that the passage of this Act would facilitate "`uniformity between the laws of Florida and the laws of the United States' which was `necessary and desirable for the effective drug abuse prevention and control.'"[1] The Legislature intended that the Florida forfeiture statute be uniform with the federal counterpart.[2] Accordingly, it is most appropriate that we consider the federal cases construing the uniform act as well as our own Florida cases.
In Griffis,[3] recently decided by the Florida Supreme Court, it was held that it was not the purpose of this statute to authorize vehicle forfeiture for mere personal possession and consumption of controlled substance.[4] Rather, the court found that the Act was intended to stifle drug trafficking. The Supreme Court spoke of "drug trafficking operations", but approved the Third District Court of Appeal's terminology[5] allowing *174 forfeiture of vehicles "significantly involved in a criminal enterprise." Other cases have resorted to the statutory language authorizing forfeiture when a vehicle is being used "to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article."[6]
In United States v. One 1950 Buick Sedan, 231 F.2d 219 (3rd Cir.1956), a narcotics agent and an informant entered a car owned by Gaskins as it stopped for a traffic light. The agent advised Gaskins he wanted to buy one-sixteenth of an ounce of heroin. Gaskins agreed to get it for him and told the agent to meet him shortly thereafter at a specific bar. The agent exited the car. Gaskins drove away and later delivered the contraband to the agent in the designated bar. The trial court held that the government had not proven that Gaskins had used the vehicle in question to either transport or facilitate the sale of narcotics. The Circuit Court of Appeals reversed, holding:
"The facts and circumstances presented by the government and accepted by the district court showed that the arrangements for the sale and the handing over of the purchase money occurred in the automobile. The appellees have urged that this does not mean the automobile `facilitated' the sale within the meaning of the statute. The use of the automobile, they say, was incidental because the negotiations and the payment could easily have taken place on the sidewalk outside the car. The term `facilitate' is a term used in everyday transactions between people. There is no indication that Congress ascribed to this word any meaning other than its ordinary and accepted meaning. Webster defines facilitate as `to make easy or less difficult; to free from difficulty or impediment; as, to facilitate the execution of a task.'[7]
.....
"The question then is whether there was a reasonable ground for belief that the use of the automobile made the sale less difficult and allowed it to remain more or less free from obstruction or hindrance.
"Negotiations for an illegal sale of narcotics do not take place openly and publicly. It is always convenient that some degree of privacy attend all phases of the sale. The automobile certainly proved a convenient place for conversation and payment. Of course, the parties might have talked on the sidewalk. By the same token, they could have transacted their business in a million other places. But that does not mean that the automobile did not facilitate the sale. The appellee's argument might have substance had the negotiations and payment taken place in an automobile parked in the middle of the desert miles away from any place or anyone, for then it would be doubtful whether the fact of negotiations and payment in rather than outside the automobile made the transaction less difficult or allowed more freedom. But the automobile here was parked in a street in the City of Philadelphia at 2 p.m. Under those circumstances, a reasonable belief is certainly warranted that the automobile facilitated the sale." Id. at 222.
The episode under consideration in the case at bar involved the use of the vehicle in question to facilitate the sale and delivery of contraband. While it appears that appellant departed his car to procure the illicit drug, the negotiations therefor, the delivery thereof, and payment were all accomplished in the semi-privacy of the subject vehicle.
We think the 1950 Buick Sedan case, supra, is particularly significant because it involved a single sale. We mention that *175 because the use of the word "operation" in Griffis, supra, and "enterprise" in Porsche and Camaro, supra, might lead one to believe the statute in question applies only to large organized operations or enterprises. Though the statute surely applies to them, it also is intended to eliminate the single dope peddler who is trafficking in illicit narcotics. We hold that the sale or delivery of heroin from an automobile as we have here constitutes trafficking in drugs.
Accordingly, the judgment declaring a forfeiture of appellant's motor vehicle is affirmed.
AFFIRMED.
ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] Griffis v. State, 356 So.2d 297, 299 (Fla. 1978).
[2] Id. at 299.
[3] Id.
[4] Id. at 302. See Nichols v. State, 356 So.2d 933 (Fla. 2nd DCA 1978).
[5] In re Forfeiture of 1969 Chevrolet Camaro, 334 So.2d 82 (Fla. 3rd DCA 1976); In re Forfeiture of 1972 Porsche, 307 So.2d 451 (Fla. 3rd DCA 1975).
[6] Section 943.42(3), Florida Statutes (1977).
[7] In Platt v. United States, 163 F.2d 165, 167 (10th Cir.1947), the court held that what is meant by the word "facilitate" is that if an automobile is used to assist in the commission of the crime, it is subject to forfeiture.