604 P.2d 838

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Sammy M. BARELA, Defendant-Appellee.**

**No. 4169.**

Court of Appeals of New Mexico.

Dec. 6, 1979.

Daniel A. Bryant, Asst. Dist. Atty., Alamogordo, for plaintiff-appellant.

Thomas A. Sandenaw, Jr., Alamogordo, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The State sought the forfeiture of a pickup truck under § 30–31–34, N.M.S.A. 1978. Although quasi-criminal, and gauged by standards applicable to a criminal proceeding, this was a civil proceeding. *State v. Ozarek*, 91 N.M. 275, 573 P.2d 209 (1978);

*In re One 1967 Peterbilt Tractor, Etc.*, 84 N.M. 652, 506 P.2d 1199 (1973). On the basis of the affidavit submitted by the State in support of the petition for forfeiture, the trial court granted summary judgment in favor of Barela, the person to whom the pickup was registered. The State appeals. The issue is the meaning of the statutory forfeiture provision; specifically, whether it applies to the facts in this case.

The facts in the affidavit, undisputed, are:

1. On November 2, 1978, Barela told Gunter, an undercover police officer, that Barela had 17 pounds of marijuana for sale at $85 per pound. Gunter told Barela he wanted to purchase a pound the following day.

2. On November 3, 1978, Gunter told Barela that Gunter was ready to make the purchase. Barela asked Gunter to accompany him to Barela's home to pick up the marijuana.

3. Barela and Gunter drove to Barela's home in the pickup sought to be forfeited.

4. The marijuana was in the kitchen of Barela's home; Barela sold Gunter a pound of marijuana in the kitchen.

5. Barela and Gunter left Barela's home in the pickup and returned to the location where the two had met. On this return trip, the marijuana was in Gunter's possession.

Section 30–31–34(A), supra, provides for the forfeiture of controlled substances manufactured, distributed, dispensed or acquired in violation of the Controlled Substances Act. No claim is made that the marijuana did not come within this provision.

Also subject to forfeiture, under § 30–31–34(D), supra, are

all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale of property described in Subsections A or B . . . .

Neither § 30–31–34(B), supra, involving raw materials, products and equipment, nor § 30–31–34(G), supra, involving exclusions from forfeiture, are involved in this case.

Section 30–31–34(D), supra, pertains to:

(1) Conveyances used to transport for the purpose of sale, property described in Subsections A and B.

(2) Conveyances intended to be used to transport for the purpose of sale, property described in Subsections A and B.

(3) Conveyances used to facilitate the transportation for the purpose of sale, property described in Subsections A and B.

(4) Conveyances intended to be used to facilitate the transportation for the purpose of sale, property described in Subsections A and B.

Each of these four items involves transportation. Transportation for what purpose? "For the purpose of sale." The sale of what? "Property described in Subsections A and B."

Section 30–31–34(D), supra, required that the transportation aspect of the statute must be transportation of the marijuana for the purpose of sale. The briefs discuss "facilitation" of transportation. We are not concerned with facilitation because the transportation aspect of the statute relates to the transportation of the "property" (the marijuana) for the purpose of sale. There are no facts indicating the pickup was in any way involved in any transporting of the marijuana for the purpose of sale.

The State contends this view of the statute is too restrictive, that § 30–31–34(D), supra, is sufficiently similar to federal statutes that interpretations of federal statutes should apply to the New Mexico statute. A federal statute pertaining to forfeiture of carriers transporting contraband articles, 49 F.C.A. § 781(a) (1954) makes it unlawful "to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article." A federal statute pertaining to forfeiture in connection with controlled substances, 21 U.S.C.S. § 881(a)(4) (1972), subjects to forfeiture "[a]ll conveyances . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) . . . ."

Both federal statutes are much broader than the New Mexico statute. For example, compare the language in 21 U.S.C.S. § 881(a)(4)—"to facilitate the transportation, sale, receipt, possession, or concealment of property described"—with the language in § 30–31–34(D), supra—"to facilitate the transportation for the purpose of sale of property described . . . ." Because the federal statutes are not similar to the New Mexico statute, federal decisions interpreting the federal statutes are not helpful in determining the applicability of the New Mexico statute to the facts in this case.

The opinion in *United States v. One 1974 Cadillac Eldorado Sedan, Etc.,* 548 F.2d 421 (2d Cir. 1977) states that the broad language of 21 U.S.C.S. § 881(a)(4) "patently indicates the congressional intent to broaden the applicability of the forfeiture remedy it provided." The history of the New Mexico statute shows a legislative intent to restrict the applicability of the forfeiture provision. As originally enacted by Laws 1972, ch. 84, § 33, the statute read: "[T]o facilitate the transportation for the purpose of sale *or receipt* of property described . . . ." (Our emphasis.) The emphasized language "or receipt" was removed from § 30–31–34(D) by Laws 1975, ch. 231, § 1.

The deletion of "or receipt" from the statute supports our view that the transportation aspect of § 30–31–34(D), supra, pertains to the transportation of the controlled substance for purpose of sale. This view is consistent with the statement in *State v. Ozarek,* supra: "Forfeitures are not favored at law and statutes are to be construed strictly against forfeiture." Such a strict approach to the meaning of § 30–31–34(D),

supra, is appropriate because forfeiture is quasi-criminal in character with the object of penalizing for the commission of an offense against the law. *State v. Ozarek,* supra.

The summary judgment is affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

Summary judgment was granted defendant. In construing the language of § 30–31–34(D), N.M.S.A.1978, the trial court found that the defendant's pick-up truck was not used to transport, or in any manner to facilitate the transportation for the purpose of sale of marijuana.

Section 30–31–34(D) subjects to forfeiture:

> [A]ll . . . vehicles . . . which are used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale of property [which includes marijuana]
>
> . . . .

To arrive at a conclusion in this case, we must first explain the meaning of the words and phrases in the statute.

(a) The word "for" means "with a view to; in order to effect." *Ramsay Signs, Inc. v. Dyck,* 215 Or. 653, 337 P.2d 309 (1959).

(b) All vehicles "intended for use," means vehicles "with a view to being used," or "in order to effect the use" such as "looking forward to be used," "expected to be used," or "proposed to be used."

(c) "To facilitate the transportation," means "to make [transportation] easy or less difficult . . . as to facilitate the execution of a task." *Mosley v. State ex rel. Broward Cty.,* 363 So.2d 172 (Fla.App. 1978); *United States v. One 1950 Buick Sedan,* 231 F.2d 219 (3d Cir. 1956); *Platt v. United States,* 163 F.2d 165 (10th Cir. 1947).

(d) "For the purpose of sale of property" means "with a view to making a sale of property" or "in order to effect a sale of property."

(e) "Transport" means to carry or convey from one place to another. *State v. One 1970 2-Door Sedan Rambler,* 191 Neb. 462, 215 N.W.2d 849 (1974). The statute does not say "transport property for sale." "Transportation" as used does not say "transportation of property for sale." "Transportation for the purpose of sale of property" means "a vehicle used by a person to effect a sale of property."

Section 30–31–34(D) is not limited to "vehicles actually used by persons as transportation to effect a sale." It also includes "vehicles which a person looks forward to using as transportation to effect a sale." Forfeiture is not limited to actual transportation by a person. In other words, the legislature intended that forfeiture of vehicles may be undertaken when the facts show that a person actually used the vehicle as a means of transportation to effect a sale, or when a person owns a vehicle which he looks forward to using whenever he wants to effect a sale. The thrust of the statute is to deprive the drug trafficker of needed mobility.

Of course, an automobile is subject to forfeiture when it is used to transport a drug to a parking lot where defendant met an unknown undercover agent to whom the sale was made. *State v. Datsun,* 139 N.J. Super. 186, 353 A.2d 129 (1976). In the instant case, defendant drove an undercover agent from a meeting place to defendant's home, made the sale, and then drove the agent back to the point of the meeting place. The vehicle was used "to facilitate the transportation for the purpose of making a sale of property." *Mosely, supra; One 1950 Buick Sedan, supra; Platt, supra.*

A question of fact exists whether defendant's vehicle is subject to forfeiture on two grounds: (1) whether the vehicle was used to facilitate a narcotics transaction and (2) whether the vehicle was intended for use for this purpose.

This conclusion results from the fact that the prime target of vehicle forfeitures is the "narcotic peddler" and "drug traffick-

**704**

er." The purpose of forfeiture is to deny these people mobility and to financially weaken the narcotics enterprise. *State v. One 1972 Pontiac Grand Prix, Etc.,* 242 N.W.2d 660 (S.D.1976).

Section 505(a)(4) of the 1979 Uniform Controlled Substances Act subjects to forfeiture:

> all . . . vehicles . . . which are used, or intended for use, to transport, or in any manner to facilitate the transportation for the purpose of sale *or receipt* of property [which includes controlled substances] . . . . [Emphasis added.]

"Or receipt" was deleted from the above New Mexico statute. The Commissioners' note says:

> . . . Effective law enforcement demands that there be a means of confiscating the vehicles and instrumentalities used by drug traffickers in committing violations under this Act. The reasoning is to prevent their use in the commission of subsequent offenses involving transportation or concealment of controlled substances *and to deprive the drug trafficker of needed mobility.* [Emphasis added.]

Forfeiture statutes are intended to apply to those individuals who are significantly involved in a criminal enterprise. *In re 1972 Porsche 2 Dr., Etc.,* 307 So.2d 451 (Fla.App.1975); *Griffis v. State,* 356 So.2d 297 (Fla.1978). This proceeding is now controlled by the New Mexico Rules of Civil Procedure inasmuch as summary judgment was entered. *Reeder v. State,* 294 Ala. 260, 314 So.2d 853 (1975). A preponderance of the evidence is required to establish the right of forfeiture. *State v. One Certain Conveyance, Etc.,* 211 N.W.2d 297 (Iowa 1973).

This appeal should be reversed.